**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN ENGUERRA and FROILEX RAVELAS, on behalf of themselves and all others similarly situtated | |
| *Plaintiffs,* | Case No.: 2:25-cv-00182-EK-LGD |
| v. | **ANSWER TO CLASS AND COLLECTIVE ACTION AMENDED COMPLAINT** |
| FOOD SYSTEMS UNLIMITED, INC., CHINA CHAO, INC., BIAGIO SCHIANO, and ROY HUI | |
| *Defendants.* | |

Defendants Food Systems Unlimited, Inc., China Chao, Inc., Biagio Schiano, and Roy Hui ("Defendants") by and through their undersigned counsel, hereby file this Answer to Plaintiffs Ryan Enguerra and Froilex Ravelas' Class and Collective Action Amended Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

<u>**COMPLAINT PARAGRAPH NO. 1**</u>:

As part of their regular business practice, the Defendants Food Systems and China Chao, and their principal owners and executives, Defendants Schiano and Hui, have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL") with respect to Plaintiffs and similarly situated employees by failing to pay Plaintiffs and similarly situated employees minimum wage for all their hours of work; overtime wages for hours they worked in excess of forty (40) hours per week; and failing to pay Plaintiffs and similarly situated employees one additional hour of pay at the basic minimum wage rate for spread-of-hours pay.

<u>**ANSWER**</u>:

Defendants deny the allegations contained in Paragraph 1 of the Complaint.

**NATURE OF THE ACTION**

**COMPLAINT PARAGRAPH NO. 2**:

The Defendants own and/or operate two adjacent commercial fast-food restaurants called the "Asian Chao" and "Fuji Grill" restaurants at the Roosevelt Field Mall on Long Island, in Garden City, New York, within this District.

**ANSWER**:

Except to admit that Defendant Schiano owns and Defendant China Chao operates the

Asian Chao and Fuji Grill restaurants at the Roosevelt Field Mall on Long Island in Garden City,

New York, Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

**COMPLAINT PARAGRAPH NO. 3**:

Plaintiff Enguerra performed non-exempt duties for the Defendants, including the preparation, cooking and serving of foods for Defendants' two restaurants. He regularly worked in excess of forty (40) hours each workweek but was not always paid overtime at the rate of one and one-half times his regular hourly rate.

**ANSWER**:

Except to admit that Plaintiff Enguerra performed non-exempt duties for Defendant China

Chao, including the preparation, cooking and serving of food for the two restaurants, Defendants

deny the remaining allegations contained in Paragraph 3 of the Complaint.

**COMPLAINT PARAGRAPH NO. 4**:

Plaintiff Ravelas performed non-exempt duties for the Defendants, including the preparation, cooking and serving of foods for Defendants' two restaurants. He regularly worked in excess of forty (40) hours each workweek but was not always paid overtime at the rate of one and one-half times his regular hourly rate.

**ANSWER**:

Except to admit that Plaintiff Ravelas performed non-exempt duties for Defendant China

Chao including the preparation, cooking and serving of food for the two restaurants, Defendants

deny the remaining allegations contained in Paragraph 4 of the Complaint.

**COMPLAINT PARAGRAPH NO. 5**:

Plaintiffs bring this action under the FLSA, 29 U.S.C. §§ 201 *et seq*. on behalf of themselves and all similarly situated current and former employees of Defendants who elect to

opt-in to this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b) to recover unpaid minimum and overtime wages Defendants owe them and similarly situated current and former employees.

**ANSWER**:

Except to admit that Plaintiffs' Complaint purports to assert claims on behalf of themselves

and others for violations of the FLSA, Defendants deny the remaining allegations contained in

Paragraph 5 of the Complaint.

**COMPLAINT PARAGRAPH NO. 6**:
Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum and overtime wages under the New York Labor Law Article 19, §§ 650 *et seq*., as well as to recover unpaid spread-of-hours pay under the supporting New York State Department of Labor Regulations.

**ANSWER**:

Except to admit that Plaintiffs' Complaint purports to assert claims on behalf of themselves

and others for violations of New York Labor Law Article 19, §§ 650 *et seq*. and "to recover unpaid

spread-of-hours pay under the supporting New York State Department of Labor Regulations",

Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

**COMPLAINT PARAGRAPH NO. 7**:
This action also arises out of Defendants' provision and/or obtaining of Plaintiffs' continued labor or services through the use of the threat of serious harm that resulted in the forced labor and wage exploitation of the Plaintiffs by Defendants, in violation of the Trafficking Victims Protection Act, ("TVPA"), 18 U.S.C. §§ 1589, *et seq*.

**ANSWER**:

Except to admit that Plaintiffs' Complaint purports to assert claims for violations of the

Trafficking Victims Protection Act ("TVPA"), Defendants deny the remaining allegations

contained in Paragraph 7 of the Complaint.

**COMPLAINT PARAGRAPH NO. 8**:
From the time they learned of Defendants' responses to their wage-and-hour complaints, Plaintiffs were forced under the circumstances to continue working for Defendants despite their

complaints of not being paid for all of their hours of work, including overtime pay and spread-of-hours pay, because of Defendants' threats to terminate their employment.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 8 of the Complaint.

### JURISDICTION AND VENUE

**COMPLAINT PARAGRAPH NO. 9**:

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER**:

Defendants admit that Plaintiffs purport to assert and identify the basis for this Court's jurisdiction. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint to the extent that they seek to assert or imply that Defendants are responsible or liable to Plaintiffs in any manner whatsoever or that Plaintiffs are entitled to the relief they seek.

**COMPLAINT PARAGRAPH NO. 10**:

In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

**ANSWER**:

Defendants admit that Plaintiffs purport to assert and identify the basis for this Court's jurisdiction. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint to the extent that they seek to assert or imply that Defendants are responsible or liable to Plaintiffs in any manner whatsoever or that Plaintiffs are entitled to the relief they seek.

**COMPLAINT PARAGRAPH NO. 11**:

Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 since a substantial part of the events or omissions giving rise to the claims occurred in this District.

**ANSWER**:

Defendants admit that Plaintiffs purport to assert and identify the statutory basis for venue. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint to the

extent that they seek to assert or imply that Defendants are responsible or liable to Plaintiffs in any

manner whatsoever or that Plaintiffs are entitled to the relief they seek.

**COMPLAINT PARAGRAPH NO. 12**:
Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at the Roosevelt Field Mall, 630 Old Country Road, Garden City, NY 11530.

**ANSWER**:

Except to admit that Defendants Food Systems and China Chao do business in the State of

New York and that Defendant China Chao operates a place of business at the Roosevelt Field Mall,

630 Old Country Road, Garden City, NY 11530, Defendants deny the remaining allegations

contained in Paragraph 12 of the Complaint.

**COMPLAINT PARAGRAPH NO. 13**:
The annual gross income of Defendants' business is more than $500,000.00. Upon information and belief, the average weekly gross sales of Defendants' two fast-food restaurants on Long Island is around $130,000.00.

**ANSWER**:

Except to admit that the annual gross income of Defendants Food Systems and China Chao

is more than $500,000, Defendants deny the remaining allegations contained in Paragraph 13 of

the Complaint.

<b>PARTIES</b>

**COMPLAINT PARAGRAPH NO. 14**:
Plaintiff Ryan Enguerra is a resident of the County of Queens, State of New York.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 14 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 15**:

At all times relevant to the Complaint, Plaintiff Enguerra was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. 203(e), and New York Labor Law § 190(2).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 15 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 16**:

At all times relevant to the Complaint, Plaintiff Enguerra was an "employee" within the meaning of 12 N.Y.C.R.R. 146-3.2.

**ANSWER**:

Defendants state that the allegations contained in Paragraph 16 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 17**:

At all times relevant, Plaintiff Enguerra was a "fast-food employee" within the meaning of 12 N.Y.C.R.R. 146-3.13(a).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 17 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 18**:

Plaintiff Froilex Ravelas is a resident of the County of Queens, State of New York.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 19**:
At all times relevant to the Complaint, Plaintiff Ravelas was an "employee" within the meaning of Section (e) of the FLSA, 29 U.S.C. § 203(e), and New York Labor Law § 190(2).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 19 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 20**:
At all times relevant to the Complaint, Plaintiff Ravelas was an "employee" within the meaning of 12 N.Y.C.R.R. 146-3.2.

**ANSWER**:

Defendants state that the allegations contained in Paragraph 20 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 21**:
At all times relevant, Plaintiff Ravelas was and still is a "fast-food employee" within the meaning of 12 N.Y.C.R.R. 146-3.13(a).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 21 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 22**:
At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 22 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 23**:

Throughout Plaintiffs' employment, Plaintiffs used and handled pan trays, fryer baskets, knives, teriyaki scrapers, mixers, barbecue grills, mixer bowls, spoons and tongs that traveled in interstate commerce prior to Defendants' purchasing and sending them over to the two Long Island restaurants for Plaintiffs and other employees to use.

**ANSWER**:

Defendants admit that during Plaintiffs' employment with Defendant China Chao, Plaintiffs used and handled items that traveled in interstate commerce. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the specific types of items each Plaintiff used and handled or how they arrived at the restaurants and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 24**:

Throughout Plaintiffs' employment, Plaintiffs used and handled bourbon powder seasoning and food sticker dots that had traveled in interstate commerce, having been purchased in Florida, prior to Defendants' sending them over to the two Long Island restaurants for Plaintiffs and other employees to use.

**ANSWER**:

Defendants admit that during Plaintiffs' employment with Defendant China Chao, Plaintiffs used and handled items that traveled in interstate commerce. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the specific types of items each Plaintiff used and handled, where they were purchased, or how they arrived at the restaurants and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 25**:

Defendant Food Systems was and still is foreign domestic corporation organized and existing pursuant to the laws of State of New York.

**ANSWER**:

Except to admit that Food Systems is a foreign domestic corporation, Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT PARAGRAPH NO. 26**:

At all times relevant, Defendant Food Systems was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 26 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 27**:

Defendant China Chao was and still is a foreign domestic corporation organized and existing pursuant to the laws of the State of New York.

**ANSWER**:

Except to admit that China Chao is a foreign domestic corporation, Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

**COMPLAINT PARAGRAPH NO. 28**:

At all times relevant, Defendant China Chao was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 28 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 29**:

Upon information and belief, Defendant Food Systems owns and/or operates Defendant China Chao, or the two fast-food restaurants "Asian Chao" and "Fuji Grill" at the Roosevelt Field Mall on Long Island.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 29 of the Complaint.

**COMPLAINT PARAGRAPH NO. 30**:

Defendant Biagio Schiano, upon information and belief, is the President and/or Chief Executive Officer of Defendants Food Systems and China Chao.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 30 of the Complaint.

**COMPLAINT PARAGRAPH NO. 31**:
Upon information and belief, Defendant Schiano communicated with an individual or agency in New York and caused the incorporation of Defendant Food Systems with the New York State Department of State as a foreign business corporation sometime in or about December 2001.

**ANSWER**:

Except to admit that Defendant Food Systems is a foreign business corporation registered

to do business in New York since December 2001, Defendants deny the remaining allegations

contained in Paragraph 31 of the Complaint.

**COMPLAINT PARAGRAPH NO. 32**:
Upon information and belief, Defendant Schiano communicated with an individual or agency in New York and caused the incorporation of Defendant China Chao with the New York State Department of State as a foreign business corporation sometime in or about March 2003.

**ANSWER**:

Except to admit that Defendant China Chao is a foreign business corporation registered to

do business in New York since March 2003, Defendants deny the remaining allegations contained

in Paragraph 32 of the Complaint.

**COMPLAINT PARAGRAPH NO. 33**:
Defendant Schiano has authority to make payroll and personnel decisions for Defendants Food Systems and China Chao.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 33 of the Complaint.

**COMPLAINT PARAGRAPH NO. 34**:
At all relevant times, Defendant Schiano owned, operated, and/or controlled, and/or managed Defendants Food Systems and China Chao.

**ANSWER**:

Except to admit that Defendant Schiano owned, operated, and controlled Defendants Food

Systems and China Chao, Defendants deny the remaining allegations contained in Paragraph 34

of the Complaint.

**COMPLAINT PARAGRAPH NO. 35**:
At all relevant times, Defendant Schiano participated in running the daily operations of Defendants Food Systems and China Chao.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 35 of the Complaint.

**COMPLAINT PARAGRAPH NO. 36**:
At all relevant times, Defendant Schiano participated in the management and supervision of Plaintiffs Enguerra and Ravelas and their work for Defendants Food Systems and China Chao.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 36 of the Complaint.

**COMPLAINT PARAGRAPH NO. 37**:
At all relevant times, Defendant Schiano exercised operational control over Defendants Food Systems and China Chao, controlled significant business functions of Defendant Food Systems and China Chao, and acted on behalf of and in the interest of Defendant Food Systems and China Chao in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including as to those policies applied to Plaintiffs.

**ANSWER**:

Except to admit that Defendant Schiano exercised operational control and controlled

significant business functions of Defendants Food Systems and China Chao, Defendants deny the

remaining allegations contained in Paragraph 37 of the Complaint.

**COMPLAINT PARAGRAPH NO. 38**:
At all relevant times, Defendant Schiano determined the wages and compensation of Defendants Food Systems and China Chao's employees, participated in establishing the schedules of their employees, maintained their employee records, and had the authority to hire and fire their employees, including as such practices applied to Plaintiffs.

**ANSWER**:

Except to admit that Defendant Schiano had the authority to hire or fire employees of

Defendants Food Systems and China Chao, Defendants deny the remaining allegations contained

in Paragraph 38 of the Complaint.

**COMPLAINT PARAGRAPH NO. 39**:
Upon information and belief, Defendant Schiano regularly coordinated with and communicated with Defendants' District Managers in New York, whether by phone call, text message or electronic mail, in directing and supervising the operations of Defendants Food Systems and China Chao's fast-food restaurants on Long Island.
**ANSWER**:

Except to admit that Defendant Schiano communicated with Defendant Food Systems'

District Managers, Defendants deny the remaining allegations contained in Paragraph 39 of the

Complaint.

**COMPLAINT PARAGRAPH NO. 40**:
Defendant Schiano participated in the decision to hire the Plaintiffs.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 40 of the Complaint.

**COMPLAINT PARAGRAPH NO. 41**:
Defendant Schiano participated in deciding Plaintiffs' job duties and responsibilities.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 41 of the Complaint.

**COMPLAINT PARAGRAPH NO. 42**:
Defendant Schiano participated in deciding the manner in which Plaintiffs were paid.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 42 of the Complaint.

**COMPLAINT PARAGRAPH NO. 43**:
Defendant Schiano participated in deciding the hourly rates Plaintiffs were paid.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 43 of the Complaint.

**COMPLAINT PARAGRAPH NO. 44**:
Defendant Schiano participated in deciding the compensation each Plaintiff was paid.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 44 of the Complaint.

**COMPLAINT PARAGRAPH NO. 45**:
Defendant Schiano was responsible for ensuring each Plaintiff was paid properly.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 45 of the Complaint.

**COMPLAINT PARAGRAPH NO. 46**:
At all times hereinafter mentioned, Defendant Schiano was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and New York Labor Law § 190(3).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 46 of the Complaint constitute

a legal conclusion and thus, no response is required. To the extent a response is required,

Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 47**:
Upon information and belief, Defendant Roy Hui is the Vice President for Operations of Defendants Food Systems and China Chao.

**ANSWER**:

Except to admit that Defendant Hui is the Vice President of Operations for Defendant Food

Systems, Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.

**COMPLAINT PARAGRAPH NO. 48**:
Defendant Hui has authority to make payroll and personnel decisions for the Defendants Food Systems and China Chao.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 48 of the Complaint.

**COMPLAINT PARAGRAPH NO. 49**:

At all relevant times, Defendant Hui operated, and/or controlled, and/or managed Defendants Food Systems and China Chao.

**ANSWER**:

Except to admit that Defendant Hui managed Defendant China Chao, Defendants deny the remaining allegations contained in Paragraph 49 of the Complaint.

**COMPLAINT PARAGRAPH NO. 50**:

At all relevant times, Defendant Hui participated in running the daily operations of Defendants Food Systems and China Chao.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 50 of the Complaint.

**COMPLAINT PARAGRAPH NO. 51**:

At all relevant times, Defendant Hui participated in the management and supervision of Plaintiffs Enguerra and Ravelas and their work for Defendants Food Systems and China Chao.

**ANSWER**:

Except to admit that Defendant Hui participated in the management of Plaintiffs' work for

Defendant China Chao, Defendants deny the remaining allegations contained in Paragraph 51 of

the Complaint.

**COMPLAINT PARAGRAPH NO. 52**:

At all relevant times, Defendant Hui exercised operational control over Defendants Food Systems and China Chao, controlled significant business functions of Defendants Food Systems and China Chao, and acted on behalf of and in the interest of Defendants Food Systems and China Chao in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including as to those policies applied to Plaintiffs.

**ANSWER**:

Except to admit that Defendant Hui supervised the wage and hour practices relating to

Defendant China Chao's employees, Defendants deny the remaining allegations contained in

Paragraph 52 of the Complaint.

**COMPLAINT PARAGRAPH NO. 53**:

At all relevant times, Defendant Hui determined the wages and compensation of Defendants Food Systems and China Chao's employees, participated in establishing the schedules of their employees, maintained their employee records, and had the authority to hire and fire their employees, including as such practices applied to Plaintiffs.

**ANSWER**:

Except to admit that Defendant Hui had the authority to hire and fire Defendant China Chao's employees, Defendant deny the remaining allegations contained in Paragraph 53 of the Complaint.

**COMPLAINT PARAGRAPH NO. 54**:

Upon information and belief, Defendant Hui regularly coordinated with and communicated with Defendants' Store Managers and District Managers in New York, whether by phone call, text message or electronic mail, in directing and supervising the operations of Defendants Food Systems and China Chao.

**ANSWER**:

Except to admit that Defendant Hui communicated with Defendant Food Systems' District Managers and Defendant China Chao's Store Managers in New York, Defendants deny the remaining allegations contained in Paragraph 54 of the Complaint.

**COMPLAINT PARAGRAPH NO. 55**:

At all times relevant, Defendant Hui went to visit and inspect the two Long Island fast-food restaurants several times in his capacity as the former District Manager and as the current Vice President for Operations.

**ANSWER**:

Except to admit that Defendant Hui visited the two Long Island restaurants as the former District Manager and current Vice President of Operations, Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint.

**COMPLAINT PARAGRAPH NO. 56**:

Defendant Hui participated in the decision to hire the Plaintiffs.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 56 of the Complaint.

**COMPLAINT PARAGRAPH NO. 57**:
Defendant Hui participated in deciding Plaintiffs' job duties and responsibilities.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 57 of the Complaint.

**COMPLAINT PARAGRAPH NO. 58**:
Defendant Hui participated in deciding the manner in which Plaintiffs were paid.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 58 of the Complaint.

**COMPLAINT PARAGRAPH NO. 59**:
Defendant Hui participated in deciding the hourly rates Plaintiffs were paid.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 59 of the Complaint.

**COMPLAINT PARAGRAPH NO. 60**:
Defendant Hui participated in deciding the compensation each Plaintiff was paid.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 60 of the Complaint.

**COMPLAINT PARAGRAPH NO. 61**:
Defendant Hui was responsible for ensuring each Plaintiff was paid properly.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 61 of the Complaint.

**COMPLAINT PARAGRAPH NO. 62**:
At all times hereinafter mentioned, Defendant Hui was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and New York Labor Law § 190(3).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 62 of the Complaint constitute

a legal conclusion and thus, no response is required. To the extent a response is required,

Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 63**:

Defendants Schiano and Hui operate and/or control Defendants Food Systems and China Chao.

**ANSWER**:

Except to admit that Defendant Schiano operates and controls Defendants Food Systems and China Chao, Defendants deny the remaining allegations contained in Paragraph 63 of the Complaint.

**COMPLAINT PARAGRAPH NO. 64**:

Defendants Schiano and Hui possess operational control over Defendants Food Systems and China Chao, and control significant functions of Defendants Food Systems and China Chao.

**ANSWER**:

Except to admit that Defendant Schiano possesses operational control and controls significant functions of Food Systems and China Chao, Defendants deny the remaining allegations contained in Paragraph 64 of the Complaint.

**COMPLAINT PARAGRAPH NO. 65**:

Upon information and belief, during the relevant period, Defendants Schiano and Hui each caused the sending of communications to the two Long Island restaurants, including, among others, payroll checks, to be given to Plaintiffs and to other employees.

**ANSWER**:

Except to admit that Defendants Schiano and Hui communicated with employees at the Long Island restaurants, Defendants deny the remaining allegations contained in Paragraph 65 of the Complaint.

**COMPLAINT PARAGRAPH NO. 66**:

Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 66 of the Complaint.

**COMPLAINT PARAGRAPH NO. 67**:

Each Defendant possessed substantial control over each Plaintiff's [*sic*] working conditions, and over the policies and practices with respect to the employment and compensation of each Plaintiff.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 67 of the Complaint.

**COMPLAINT PARAGRAPH NO. 68**:

Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiffs' employment.

**ANSWER**:

Except to admit that Defendants Food Systems and China Chao controlled the wage and hour policies and employment compensation policies during Plaintiffs' employment, Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

**COMPLAINT PARAGRAPH NO. 69**:

Defendants jointly employed each Plaintiff and are Plaintiffs' employers within the meaning of the FLSA and the New York Labor Law.

**ANSWER**:

Defendants state that the allegations contained in Paragraph 69 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 70**:

Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 70 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 71**:

Upon information and belief, Defendants own and operate over thirty (30) fast-food restaurant locations in malls and airports all over the United States.

**ANSWER**:

Except to admit that Defendant Schiano owns and operates more than thirty (30) restaurants throughout the United States, including in malls and airports, Defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

**COMPLAINT PARAGRAPH NO. 72**:

Upon information and belief, Defendants maintain control, oversight, and direction over the operations and employment practices in their fast-food restaurant establishments, including the Asian Chao and Fuji Grill establishments at Roosevelt Field Mall on Long Island, New York.

**ANSWER**:

Except to admit that Defendant Schiano maintains control, Defendant Food Systems maintains oversight and direction over operations and Defendants Food Systems and China Chao maintain oversight and direction over the employment practices for Defendant China Chao's restaurants, including the Asian Chao and Fuji Grill establishments at Roosevelt Field Mall on Long Island, New York, Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

**COMPLAINT PARAGRAPH NO. 73**:

At all times relevant, Defendants' Asian Chao and Fuji Grill establishments on Long Island, New York are "fast-food establishments" within the meaning of 12 N.Y.C.R.R. 146-3.13(b).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 73 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 74**:

The primary purpose of Defendants' Asian Chao and Fuji Grill establishments on Long Island, New York is serving food and drink items.

**ANSWER**:

Except to admit that the primary purpose of Defendant China Chao's Asian Chao and Fuji Grill restaurants is serving food and drink items, Defendants deny the remaining allegations contained in Paragraph 74 of the Complaint.

**COMPLAINT PARAGRAPH NO. 75**:

Defendants' customers order and pay before eating their food and drinks.

**ANSWER**:

Except to admit that Defendant China Chao's customers order and pay before eating their food and drinks, Defendants deny the remaining allegations contained in Paragraph 75 of the Complaint.

**COMPLAINT PARAGRAPH NO. 76**:

Defendants' customers purchase their food and beverage from Defendants' Long Island establishments for on-premise and/or take-out consumption.

**ANSWER**:

Except to admit that Defendant China Chao's customers can purchase their food and beverages from its restaurants for on-premises or take-out consumption, Defendants deny the remaining allegations contained in Paragraph 76 of the Complaint.

**COMPLAINT PARAGRAPH NO. 77**:

Upon information and belief, Defendants Food Systems and China Chao have common ownership.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 77 of the Complaint.

**COMPLAINT PARAGRAPH NO. 78**:

Upon information and belief, Defendants Food Systems and China Chao are owned and/or operated by Defendant Schiano, President and CEO.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 78 of the Complaint.

**COMPLAINT PARAGRAPH NO. 79**:
Defendants have interrelated operations.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 79 of the Complaint.

**COMPLAINT PARAGRAPH NO. 80**:
Defendants have common management.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 80 of the Complaint.

**COMPLAINT PARAGRAPH NO. 81**:
Defendants have a centralized control of labor relations.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 81 of the Complaint.

**COMPLAINT PARAGRAPH NO. 82**:
Defendants Food Systems and China Chao share the same physical addresses in Roosevelt Field Mall, Garden City, State of New York, and at 750 Florida Central Parkway, Longwood, State of Florida.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 82 of the Complaint.

**COMPLAINT PARAGRAPH NO. 83**:
Defendants Food Systems and China Chao share the same corporate office address in Longwood, State of Florida.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 83 of the Complaint.

**COMPLAINT PARAGRAPH NO. 84**:
At all times hereinafter mentioned, the activities of the Defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

**ANSWER**:

Defendants state that the allegations contained in Paragraph 84 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 85**:
At all times hereinafter mentioned, Defendants employed employees, including the Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling, or otherwise working on goods and materials which have moved in or produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA.

**ANSWER**:

Defendants state that the allegations contained in Paragraph 85 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 86**:
The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to the Defendants.

**ANSWER**:

Defendants state that the allegations contained in Paragraph 86 of the Complaint constitute a legal conclusion and thus, no response is required. To the extent a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 87**:
At all relevant times, Defendants maintained control, oversight, and direction over their employees, including timekeeping, payroll and other employment practices that applied to them.

**ANSWER**:

Except to admit that Defendants Food Systems and China Chao maintained oversight and direction over Defendant China Chao's employees, including employment practices, Defendants deny the remaining allegations contained in Paragraph 87 of the Complaint.

**COMPLAINT PARAGRAPH NO. 88**:

At all relevant times, Defendants applied the same employment policies, practices and procedures to all their employees, including policies, practices, and procedures with respect to the failure to pay minimum wage for all hours worked, the failure to pay overtime wages for all hours worked in excess of 40 hours per workweek, and the failure to pay spread-of-hours pay.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 88 of the Complaint.

**COMPLAINT PARAGRAPH NO. 89**:

Defendants Schiano and Hui exercised complete domination and control of Defendants Food Systems and China Chao in respect to the conduct alleged in this Complaint, including violations of the Trafficking Victims Protection Act designed to coerce the continued performance of Plaintiffs and other fast-food workers in their employment notwithstanding the Defendants' failure to pay them for all of their hours of work, failure to pay correct overtime pay, and failure to pay spread-of-hours pay, required by federal and/or state laws.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 89 of the Complaint.

**COMPLAINT PARAGRAPH NO. 90**:

Defendants Schiano and Hui used their complete domination and control of Defendants Food Systems and China Chao to commit wrongs against Plaintiffs and other fast-food workers, including violations of the TVPA.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 90 of the Complaint.

**COMPLAINT PARAGRAPH NO. 91**:

Defendants Schiano and Hui are associated in fact and comprise a venture as that term is used in the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589 and 1595.

**ANSWER**:

Defendants state that the allegations contained in Paragraph 91 of the Complaint constitute

a legal conclusion and thus, no response is required. To the extent a response is required,

Defendants deny the allegations.

## COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT PARAGRAPH NO. 92**:
At all times relevant, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them minimum wage for all hours worked, and to pay them overtime pay for hours worked in excess of forty (40) hours each week.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 92 of the Complaint.

**COMPLAINT PARAGRAPH NO. 93**:
Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representatives of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interest in bringing this action.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 93 of the Complaint.

**COMPLAINT PARAGRAPH NO. 94**:
Plaintiffs seek to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following similarly situated employees:

> All persons who are currently, or have been employed at
> Defendants' Long Island fast-food restaurants, at any
> time during the three (3) years prior to the filing of their
> respective consent forms, who performed non-exempt
> duties.

**ANSWER**:

Except to admit that Plaintiffs seek to represent a collective action, Defendants deny that a

collective action is proper, and Defendants deny the remaining allegations contained in Paragraph

94 of the Complaint.

**COMPLAINT PARAGRAPH NO. 95**:
The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are

readily available from the Defendants. These similarly-situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of minimum wage and/or overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

**ANSWER**:

Except to admit that the names and addresses of proposed Collective Plaintiffs are available

from Defendants Food Systems and China Chao, Defendants deny that a collective action is

proper, and Defendants deny the remaining allegations contained in Paragraph 95 of the

Complaint.

## CLASS ACTION ALLEGATIONS

**COMPLAINT PARAGRAPH NO. 96**:
Plaintiffs also bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who work or have worked for Defendants as hourly-paid fast-food employees in the State of New York at any time from the six (6) years prior to the filing of this Complaint to the entry of the judgment in the case (the "Rule 23 Class").

**ANSWER**:

Except to admit that Plaintiffs seek to bring New York Labor Law claims on behalf of

themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure,

Defendants deny the remaining allegations contained in Paragraph 96 of the Complaint.

**COMPLAINT PARAGRAPH NO. 97**:
The persons on the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 97 of the Complaint.

**COMPLAINT PARAGRAPH NO. 98**:
The Rule 23 Class Members are ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

**ANSWER**:

Except to admit that the names and addresses of proposed Class Members are available from Defendants Food Systems and China Chao, Defendants deny that a class action is proper and deny the remaining allegations contained in Paragraph 98 of the Complaint.

**COMPLAINT PARAGRAPH NO. 99**:
Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 99 of the Complaint.

**COMPLAINT PARAGRAPH NO. 100**:
There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:
    (a) Whether the Class Representatives and Rule 23 Class are non-exempt employees entitled to premium overtime compensation for hours worked in excess of forty (40) hours per week;
    (b) What were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding payment of overtime wages;
    (c) Whether Defendants failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of New York Labor Law Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;
    (d) Whether Defendants failed and/or refused to pay Plaintiffs and the Rule 23 Class spread-of-hours pay for shifts lasting over ten (10) hours in violation of the New York Labor Law and the Hospitality Industry Wage Order;
    (e) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for the Class;
    (f) Whether Defendants' general practice of failing and/or refusing to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of forty (40) hours per workweek, and of failing and/or refusing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay was done willfully or with reckless disregard of the wage and hour laws.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 100 of the Complaint.

**COMPLAINT PARAGRAPH NO. 101**:

The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the Rule 23 Class work or have worked for Defendants in excess of forty (40) hours per week and have not been paid overtime wages for all the hours they have worked in excess of forty (40) hours per week. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 101 of the Complaint.

**COMPLAINT PARAGRAPH NO. 102**:

The relief sought by Plaintiffs is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practice of the Defendants, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours per week, and of failing to pay spread-of-hours pay for shifts in which the spread of hours exceeded ten (10) hours.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 102 of the Complaint.

**COMPLAINT PARAGRAPH NO. 103**:

Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

**ANSWER**:

Defendants deny that a class action is proper. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 104**:

Plaintiffs have retained counsel competent and experienced in class actions and in labor and employment litigation.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 105**:

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large member of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 105 of the Complaint.

**COMPLAINT PARAGRAPH NO. 106**:

Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and therefore, deny the allegations.

**STATEMENT OF FACTS**

**COMPLAINT PARAGRAPH NO. 107**:

In or about May 2021, Plaintiffs Enguerra and Ravelas were hired by Defendants to work as kitchen staff for Defendants at their Roosevelt Field Mall restaurants.

**ANSWER**:

Except to admit that in May 2021 Plaintiffs Enguerra and Ravelas were hired by China Chao to work as kitchen staff for its restaurants at the Roosevelt Field Mall, Defendants deny the remaining allegations contained in Paragraph 107 of the Complaint.

**COMPLAINT PARAGRAPH NO. 108**:

Plaintiff Enguerra is a Filipino national who entered the United States as an H-2B nonimmigrant worker and has been in the country working in various capacities, mostly as line cook and/or chef.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 108 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 109**:

Plaintiff Enguerra finished high school education. With his vocational skills, he tries to find any decent job to help support himself and to send some money over to the Philippines to help his large extended family who relies on him for financial assistance.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 109 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 110**:

Plaintiff Ravelas is likewise a Filipino national who entered the United States as a nonimmigrant and has been in the country working in various capacities, such as being a house cleaner, laundry mat worker, stacker, and delivery person.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 110 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 111**:

Plaintiff Ravelas also finished high school education, plus two years of studies as a machinist. He tries to find any decent job to help support himself and his family, including a minor child, here in the United States.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 111 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 112**:

Plaintiffs Enguerra and Ravelas were part of about twenty (20) Filipino nationals hired by Defendants to replace the Chinese crew who were then manning and operating the Defendants' two fast-food restaurants at the Roosevelt Field Mall.

**ANSWER**:

Except to admit that Plaintiffs Enguerra and Ravelas were hired to replace employees at Defendant China Chao's restaurants at the Roosevelt Field Mall, Defendants deny the remaining allegations contained in Paragraph 112 of the Complaint.

**COMPLAINT PARAGRAPH NO. 113**:

It was Defendants' then-Vice President, Arsenio Hinojosa, who interviewed and hired the Plaintiffs.

**ANSWER**:

Except to admit that then-Vice President of Operations for Defendant Food Systems, Arsenio Hinojosa, interviewed and hired Plaintiffs, Defendants deny the remaining allegations contained in Paragraph 113 of the Complaint.

**COMPLAINT PARAGRAPH NO. 114**:

Defendants' then-Vice President found out and knew that Plaintiffs had expired nonimmigrant statuses, but nonetheless approved their hire and employment.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 114 of the Complaint.

**COMPLAINT PARAGRAPH NO. 115**:

Upon information and belief, there were other employment applicants who also lacked valid immigrant working status and/or had dubious identification cards and/or social security numbers, but were still hired by Defendants.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 115 of the Complaint.

**COMPLAINT PARAGRAPH NO. 116**:

Upon information and belief, it was Defendants' then-Vice President Hinojosa himself who provided fraudulent identification cards and/or social security numbers for prospective employees whom he subsequently decided to hire and employ for Defendants.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 116 of the Complaint.

**COMPLAINT PARAGRAPH NO. 117**:
Upon information and belief, the hiring and the manner of hiring done by Defendants' then-Vice President Hinojosa of the about twenty (20) Filipino nationals to replace the Chinese crew were with the knowledge of and the ratification by Defendants' owner, Defendant Schiano.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 117 of the Complaint.

**COMPLAINT PARAGRAPH NO. 118**:
Starting on May 11, 2021, Plaintiffs and the other Filipino crew, assisted by a few workers coming from Florida who were brought along by Defendants' then-Vice President, began manning, preparing foods, and serving customers at the Asian Chao and the adjoining Sushi Fuji Grill restaurants.

**ANSWER**:

Defendants admit that Plaintiffs began their employment with Defendant China Chao in May 2021 and began manning, preparing food, and serving customers at the Asian Chao and Fuji Grill restaurants along with other crew members.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs were "assisted by a few workers coming from Florida who were brought along by" Mr. Hinojosa and therefore, deny the allegations.  Defendants deny the remaining allegations contained in Paragraph 118 of the Complaint.

**COMPLAINT PARAGRAPH NO. 119**:
In or about early April 2023, Plaintiff Enguerra resigned from his employment with Defendants, but was convinced to return to work by Defendant Hui in or about early October 2023.

**ANSWER**:

Except to admit that Plaintiff Enguerra voluntarily resigned in April 2023 and returned to work for Defendant China Chao in October 2023, Defendants deny the remaining allegations contained in Paragraph 116 of the Complaint.

**COMPLAINT PARAGRAPH NO. 120**:

Both Plaintiffs Engerra and Ravelas continued to work for Defendants until sometime after Defendants were served with the summons and complaint.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 120 of the Complaint.

**COMPLAINT PARAGRAPH NO. 121**:

During the first three weeks of their employment with Defendants, Plaintiffs Enguerra and Ravelas each worked from opening to closing hours, seven days a week, with no days off. Their work schedules during that period were as follows:

| | |
|---|---|
| Monday to Thursday | = from 9:30 AM to 8:30 PM |
| Friday and Saturday | = from 9:30 AM to 9:30 PM |
| Sunday | = from 9:30 AM to 7:30 PM |

**ANSWER**:

Defendants deny the allegations contained in Paragraph 121 of the Complaint.

Plaintiff Enguerra's Work Schedules

**COMPLAINT PARAGRAPH NO. 122**:

Starting on the fourth week of his employment, Plaintiff Enguerra was regularly scheduled and did work from opening to closing hours, at least five days a week.

| | |
|---|---|
| Wednesday and Thursday | = from 9:30 AM to 8:30 PM |
| Friday and Saturday | = from 9:30 AM to 9:30 PM |
| Sunday | = from 9:0 AM to 7:30 PM |

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 122 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 123**:

Plaintiff Enguerra, throughout the course of his employment with Defendants, regularly worked more than forty (40) hours per week at Defendants' Long Island restaurants, where he provided various services, including, preparing and cooking Chinese dishes for the Asian Chao restaurant; and preparing, cooking, and serving teriyaki dishes at the Fuji Grill restaurant.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 123 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 124**:

Defendants paid Plaintiff Enguerra every two weeks, initially at seventeen dollars ($17.00) an hour. In April 2022, Defendants increased Plaintiff Enguerra's hourly rate to nineteen dollars ($19.00). In November 2022, Defendants again increased Plaintiff Enguerra's hourly rate to twenty dollars ($20.00).

**ANSWER**:

Defendants admit that Defendant China Chao initially paid Plaintiff Enguerra every two weeks, at seventeen dollars ($17.00) an hour; in April 2022, Plaintiff Enguerra's hourly rate was increased to nineteen dollars ($19.00); and in November 2022, Plaintiff Enguerra's hourly rate was increased to twenty dollars ($20.00).  Defendants deny the remaining allegations contained in Paragraph 124 of the Complaint.

**COMPLAINT PARAGRAPH NO. 125**:

Sometime in June 2024, Defendants started paying Plaintiff Enguerra on a weekly basis and started paying him for the first time spread-of-hours pay at the rate of fifteen dollars ($15.00) for each day he worked a span of at least ten (10) hours.

**ANSWER**:

Except to admit that in June 2024, Defendant China Chao started paying Plaintiff Enguerra on a weekly basis and started paying him spread-of-hours pay at the rate of fifteen dollars ($15.00) for each day he worked a span of at least ten (10) hours, Defendants deny the remaining allegations contained in Paragraph 125 of the Complaint.

**COMPLAINT PARAGRAPH NO. 126**:

On or about August 16, 2024, Defendant Hui went to Defendants' Long Island restaurants and discussed with Plaintiff Enguerra. He gave Plaintiff Enguerra a merit increase, thereby increasing Plaintiff Enguerra's hourly rate to twenty-four dollars and ten cents ($24.10) per hour.

**ANSWER**:

Except to admit that on August 16, 2024, Defendant Hui met with Plaintiff Enguerra at the Long Island restaurants and informed him that he received a merit increase and his hourly rate

would be increased to twenty-four dollars and ten cents ($24.10) per hour, Defendants deny the

remaining allegations contained in Paragraph 126 of the Complaint.

**COMPLAINT PARAGRAPH NO. 127**:
Defendant Hui told Plaintiff Enguerra that his merit increase had the blessings of the company owner and CEO, that is, Defendant Schiano, and that whatever Defendant Hui was saying or instructing him and/or other employees concerning the operations of the restaurants always had the prior clearance and the go-signal of Defendant Schiano.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 127 of the Complaint.

**COMPLAINT PARAGRAPH NO. 128**:
Plaintiff Enguerra thanked Defendant Hui and asked him to thank Defendant Schiano as well for their trust in his services that they had decided to give him a merit increase.

**ANSWER**:

Except to admit that Plaintiff Enguerra thank Defendant Hui for the merit increase,

Defendants deny the remaining allegations contained in Paragraph 128 of the Complaint.

**COMPLAINT PARAGRAPH NO. 129**:
At the time of the merit increase, and until the date he was forced to quit, Plaintiff Enguerra's regular work schedules were as follows:

| | |
|---|---|
| Monday and Tuesday | = from 9:30 AM to 8:30 PM |
| Friday and Saturday | = from 9:30 AM to 9:30 PM |
| Sunday | = from 9:30 AM to 7:30 PM |

**ANSWER**:

Defendants deny the allegation that Plaintiff Enguerra "was forced to quit." Defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 129 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARGRAPH NO. 130**:
Starting in or about the third week of August 2024, Defendants uniformly paid Plaintiff Enguerra every week forty (40) hours of regular hours and eight (8) hours of overtime pay, despite and notwithstanding the fact that Defendants knew Plaintiff Enguerra was working at least fifty three and a half (53.5) hours each week.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 130 of the Complaint.

**COMPLAINT PARAGRAPH NO. 131**:
Starting in or about the third week of August 2024, Defendants refused to pay Plaintiff Enguerra any spread-of-hours pay, despite him working a span of ten hours several days each workweek.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 131 of the Complaint.

Plaintiff Enguerra's Complaints

**COMPLAINT PARAGRAPH NO. 132**:
On or about January 10, 2024, there was a severe snow storm on Long Island that resulted in the Roosevelt Field Mall losing its electrical supply and forcing the eventual closure of its tenant-stores.

**ANSWER**:

Defendants admit that on January 10, 2024, the Roosevelt Field Mall lost power. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 132 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 133**:
On that day, Plaintiff Enguerra was scheduled to open Defendants' fast-food restaurants and was already at the mall before the opening hours (9:30 AM).

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 134**:
Upon information and belief, the mall operators did not know when they could restore electricity at the mall.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 134 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 135**:

Upon instructions by the Store Manager, Plaintiff Enguerra carried about twenty (20) boxes of their restaurants' chicken meat stocks, as well as other vegetables and other meats, from the walk-in cooler to the freezer so that these would not spoil.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 135 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 136**:

Upon information and belief, Defendants had instructed the Store Manager to not leave the mall until electricity was restored or if not yet restored, until late in the evening, so that the transferred chicken meat stocks and vegetables would be brought back to the walk-in coolers so that these would be ready to be used and not frozen the following day.

**ANSWER**:

Except to admit that Defendant Hui instructed the Store Manager to move the meat out of

the freezer so that it would not be frozen and would be ready to use the following day, Defendants

deny the remaining allegations contained in Paragraph 136 of the Complaint.

**COMPLAINT PARAGRAPH NO. 137**:

Plaintiff Enguerra stayed behind to assist the Store Manager who was female and who felt unsafe during that cold, very dark time at the mall's food court, and carried the heavy boxes of chicken meat stocks and vegetables back to the walk-in coolers.

**ANSWER**:

Except to admit that the Store Manager is female, Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137

of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 138**:

Plaintiff Enguerra left the mall's food court area around 7:30 in the evening.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 138 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 139**:

Upon information and belief, the Store Manager had informed Defendants that she was being assisted at that time by Plaintiff Enguerra, and that Defendants knew that Plaintiff Enguerra was at the mall assisting the Store Manager complying with their instructions to preserve the chicken stocks, meat and vegetables.

**ANSWER**:

Except to admit that the Store Manager told Defendant Hui that Plaintiff Enguerra stayed

with her at the mall and assisted her in moving boxes, Defendants deny the remaining allegations

contained in Paragraph 139 of the Complaint.

**COMPLAINT PARAGRAPH NO. 140**:

Plaintiff Enguerra expected to be paid for his hours of work during that day.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 140 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 141**:

Unfortunately, Defendants decided not to compensate Plaintiff Enguerra for his hours of work on January 10, 2024 despite their knowledge that he actually did work for the benefit of Defendants that day.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 141 of the Complaint.

**COMPLAINT PARAGRAPH NO. 142**:

Plaintiff Enguerra verbally complained to his Store Manager about not getting paid for his services on January 10, 2024.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 142 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 143**:

The Store Manager promised to advocate for him with Defendants.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 143 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 144**:

Upon information and belief, Defendants denied the Store Manager's advocacy for Plaintiff Enguerra to be paid on the ground that there was allegedly no budget to pay him for his services.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 144 of the Complaint.

**COMPLAINT PARAGRAPH NO. 145**:

Further, upon information and belief, Defendant Hui told the Store Manager that if Plaintiff Enguerra insisted on getting paid, that Plaintiff Enguerra could simply quit and find work elsewhere, and that Defendants could easily find a replacement for him. Defendants' response was relayed by Store Manager to Plaintiff Enguerra.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 145 of the Complaint.

**COMPLAINT PARAGRAPH NO. 146**:

The Store Manager told Plaintiff Enguerra that Defendants' response to his request to be paid for services rendered was similar or identical to Defendants' responses to other employees' complaints about conditions of work.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 146 of the Complaint.

**COMPLAINT PARAGRAPH NO. 147**:

The Store Manager told Plaintiff Enguerra that whenever there were employees who complained about their schedules and their long hours, Defendant Hui would tell the Store Manager to tell the employees that if they did not like their work conditions, that they could find work elsewhere and that the door was open for them to leave. Defendant Hui wanted the Store Manager to impress upon complaining workers that they were easily replaceable, and that Defendant Hui knew that because of the uncertainties of finding alternative employment, the complaining workers would rather keep quiet and not complain any further.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 147 of the Complaint.

**COMPLAINT PARAGRAPH NO. 148**:
After having heard the Store Manager's report about Defendants' response to her advocacy on his behalf, Plaintiff Enguerra decided not to press his demand to be paid for his services on January 10, 2024 as he did not wish to lose his job.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 148 of the Complaint.

**COMPLAINT PARAGRAPH NO. 149**:
On or about December 5, 2024, Plaintiff sent an electronic message to the Store Manager complaining about not getting paid for all his hours of work and that he was no longer getting paid any spread-of-hours pay.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 149 of the Complaint.

**COMPLAINT PARAGRAPH NO. 150**:
Upon information and belief, the Store Manager, on December 6, 2024, forwarded Plaintiff Enguerra's complaint to Defendant Hui and advocated that spread-of-hours pay be re-implemented.

**ANSWER**:

Except to admit that on December 6, 2024, the Store Manager forwarded Plaintiff Enguerra's complaint to Defendant Hui and raised concerns regarding spread of hours pay, Defendants deny the remaining allegations contained in Paragraph 150 of the Complaint.

Plaintiff Ravelas's Work Schedules

**COMPLAINT PARAGRAPH NO. 151**:
On the fourth week of his employment, Plaintiff Ravelas was scheduled and did work from opening to closing hours, six days that week.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 151 of the Complaint.

**COMPLAINT PARAGRAPH NO. 152**:

Thereafter, Plaintiff Ravelas was regularly scheduled by Defendants and did work during the following hours every week:

| | |
|---|---|
| Monday and Tuesday | = from 9:30 AM to 8:30 PM |
| Wednesday | = from 12 noon to 8:30 PM |
| Saturday | = from 12 noon to 9:30 PM |
| Sunday | = from 9:30 AM to 7:30 PM |

**ANSWER**:

Defendants deny the allegations contained in Paragraph 152 of the Complaint.

**COMPLAINT PARAGRAPH NO. 153**:

Plaintiff Ravelas, throughout the course of his employment with Defendants, regularly worked more than forty (40) hours per week at Defendants' Long Island restaurants, where he provided various services, including, dishwashing, preparing, cooking and serving teriyaki dishes to customers, and even manning the cashier machine at the Fuji Grill restaurant.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 153 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 154**:

Defendants paid Plaintiff Ravelas every two weeks, initially at fifteen dollars ($15.00) per hour. After about a year, Defendants increased Plaintiff Ravelas's hourly rate to sixteen dollars ($16.00). In or about early 2023, Defendants increased his hourly rate to seventeen dollars ($17.00), and increased it again to eighteen dollars ($18.00) in or about May 2023. The last increase, making his hourly rate to nineteen dollars ($19.00), was made this past December 2024.

**ANSWER**:

Except to admit that China Chao initially paid Plaintiff Ravelas at fifteen dollars ($15.00)

per hour every two weeks; Plaintiff Ravelas' hourly rate was later increased to sixteen dollars

($16.00); Plaintiff Ravelas' hourly rate was subsequently increased to seventeen dollars ($17.00);

Plaintiff Ravelas' hourly rate was increased to eighteen dollars ($18.00) in 2023; and Plaintiff

Ravelas' hourly rate was increased to nineteen dollars ($19.00) in December 2024, Defendants

deny the remaining allegations contained in Paragraph 154 of the Complaint.

**COMPLAINT PARAGRAPH NO. 155**:
Sometime in June 2024, Defendants started paying Plaintiff Ravelas on a weekly basis and started paying him for the first time spread-of-hours pay at the rate of fifteen dollars ($15.00) for each day he worked a span of at least ten (10) hours.

**ANSWER**:

Except to admit that in June 2024, Defendant China Chao started paying Plaintiff Ravelas

on a weekly basis and started paying him spread-of-hours pay at the rate of fifteen dollars ($15.00)

for each day he worked a span of at least ten (10) hours, Defendants deny the remaining allegations

contained in Paragraph 155 of the Complaint.

**COMPLAINT PARAGRAPH NO. 156**:
Starting in or about the third week of August 2024, Defendants refused to pay Plaintiff Ravelas any spread-of-hours pay, despite him working a span of at least ten (10) hours several days each workweek.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 156 of the Complaint.

Plaintiff Ravelas's Complaints

**COMPLAINT PARAGRAPH NO. 157**:
On or about October 19, 2024, Plaintiff Ravelas complained to the Store Manager why he had not been receiving any more spread-of-hours pay and why his overtime pay seemed off.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 157 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 158**:
The Store Manager responded that she would look into it and that she would forward his concerns to Defendant Hui. Upon information and belief, the Store Manager did forward Plaintiff Ravelas's complaint to Defendant Hui who was at Long Island at that time.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in the first sentence of Paragraph 158 of the Complaint and therefore,

deny the allegations.  Defendants deny the remaining allegations contained in Paragraph 198 of

the Complaint.

**COMPLAINT PARAGRAPH NO. 159**:
On the same day, the Store Manager informed Plaintiff Ravelas of Defendant Hui's response that he (Defendant Hui) was contemplating of increasing Plaintiff Ravelas's hourly rate another dollar higher, but that if Plaintiff Ravelas continued to complain, that he (Plaintiff Ravelas) could kiss the increase good bye and could look for another job as well.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 159 of the Complaint.

**COMPLAINT PARAGRAPH NO. 160**:
On or about December 5, 2024, Plaintiff Ravelas decided to send an electronic message to the Store Manager formally complaining about not getting paid for all his hours of work, and thereby his overtime payment not being computed correctly, and also about not receiving any spread-of-hours pay.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegation regarding when Plaintiff Ravelas decided to send the December 5, 2024 email

and therefore, deny the allegation.  Defendants admit that on December 5, 2024, Plaintiff Ravelas

sent an email to the Store Manager complaining about not getting paid for all hours worked,

overtime not being computed correctly, and not receiving all spread of hours pay. Defendants deny

the remaining allegations contained in Paragraph 160 of the Complaint.

**COMPLAINT PARAGRAPH NO. 161**:
Upon information and belief, the Store Manager, on December 6, 2024, forwarded Plaintiff Ravelas's complaint to Defendant Hui and advocated that spread-of-hours pay be re-implemented.

**ANSWER**:

Except to admit that on December 6, 2024, the Store Manager forwarded Plaintiff Ravelas'

complaint to Defendant Hui and raised concerns regarding spread of hours pay, Defendants deny

the remaining allegations contained in Paragraph 161 of the Complaint.

Defendants' Response to Plaintiffs' Complaints

**COMPLAINT PARAGRAPH NO. 162**:

Upon information and belief, Defendant Hui called up the Store Manager sometime immediately after the Store Manager forwarded Plaintiffs Enguerra and Ravelas's email complaints to him.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 162 of the Complaint.

**COMPLAINT PARAGRAPH NO. 163**:

Upon information and belief, Defendant Hui got mad at the Store Manager for copy-furnishing the corporate office a copy of the email complaints and for not talking to him directly about the employees' concerns.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 163 of the Complaint.

**COMPLAINT PARAGRAPH NO. 164**:

Upon information and belief, Defendant Hui told the Store Manager that any employee complaining about his/her wages was dispensable and replaceable. Likewise upon information and belief, Defendant Hui instructed the Store Manager to tell Plaintiffs Enguerra and Ravelas that pursuant to the instructions of the company owner, they were not to talk to other employees about their complaints under pain of immediate termination. Likewise upon information and belief, Defendant Hui advised the Store Manager to tell Plaintiffs Enguerra and Ravelas not to escalate their complaints, or else they would be immediately terminated.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 164 of the Complaint.

**COMPLAINT PARAGRAPH NO. 165**:

The Store Manager did relay to both Plaintiffs Defendant Hui's response to their email complaints.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 165 of the Complaint.

**COMPLAINT PARAGRAPH NO. 166**:

After listening to Defendant Hui's response which was relayed to them by the Store Manager, Plaintiffs Enguerra and Ravelas inquired from the Store Manager what she thought about Defendant Hui's response and sought guidance on how they themselves would respond.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 166 of the Complaint.

**COMPLAINT PARAGRAPH NO. 167**:
The Store Manager responded that Defendant Hui was seriously upset about their complaints and further confided that Defendant Hui had told her that everything Defendant Hui was doing had the go-signal of the company owner, and that both Defendants Hui and Schiano almost always monitored together the happenings at the Long Island restaurants through the CCTV monitor which they had access to at their Florida headquarters. Thus, the Store Manager concluded that Defendant Schiano was likewise upset about Plaintiffs' complaints.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 167 of the Complaint.

**COMPLAINT PARAGRAPH NO. 168**:
The Store Manager added that it was not far-fetched that Defendant Schiano had actually told Defendant Hui what to tell them inasmuch as every time there was something to be done or to be authorized at the Long Island restaurants, Defendant Hui always had to confer with or call Defendant Schiano first to secure the latter's approval.
**ANSWER**:

Defendants deny the allegations contained in Paragraph 168 of the Complaint.

**COMPLAINT PARAGRAPH NO. 169**:
Upon information and belief, Defendants, including Defendants Schiano and Hui, knew that several of the Long Island employees, including the Plaintiffs, did not have any legal immigration papers or were undocumented.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 169 of the Complaint.

**COMPLAINT PARAGRAPH NO. 170**:
Upon information and belief, Defendant Hui had remarked to the Store Manager that Defendants could and would report any employee without legal immigration papers and who complained about work conditions to immigration authorities and such complaining employees would thereby be subject to possible deportation.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 170 of the Complaint.

**COMPLAINT PARAGRAPH NO. 171**:

Upon information and belief, Defendant Hui had told the Store Manager that threatening to report any difficult employee to immigration authorities, if such employee did not have legal papers, would definitely make the employee quiet and comply with any work-instructions.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 171 of the Complaint.

**COMPLAINT PARAGRAPH NO. 172**:

Upon information and belief, on a few occasions, Defendant Hui had specifically ordered the Store Manager to remove a repeat-complaining employee from any work schedules, and had remarked: "If they have no schedules, they would have no work and they would be hungry, and they would come back to work again".
**ANSWER**:

Defendants deny the allegations contained in Paragraph 172 of the Complaint.

**COMPLAINT PARAGRAPH NO. 173**:

Upon information and belief, Defendant Hui's response to and comments to the Store Manager about complaining employees were with the knowledge of and with the ratification by Defendant Schiano, the President and Chief Executive Officer of both Defendant companies.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 173 of the Complaint.

**COMPLAINT PARAGRAPH NO. 174**:

Upon information and belief, Defendant Schiano knew of, consented to, and/or ratified Defendant Hui's responses to complaining employees, such as to Plaintiffs Enguerra and Ravelas, which responses included threatening said employees with immediate termination from employment and threatening to report them if they were undocumented to immigration authorities for possible deportation. Defendant Schiano exercised complete domination and control over his co-defendants in respect to the conduct alleged in this Complaint, including the violations of the Trafficking Victims Protection Act designed to coerce the continued performance of Plaintiffs under their employment, notwithstanding the Defendants' failure to pay them correctly their wages under both federal and state labor laws.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 174 of the Complaint.

**COMPLAINT PARAGRAPH NO. 175**:

Upon information and belief, Defendants Schiano and Hui each knew that threatening complaining employees with loss of employment and/or of being reported to immigration

authorities would make the complaining employee quiet, no longer complain, and comply with any of Defendants' work-instructions.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 175 of the Complaint.

**COMPLAINT PARAGRAPH NO. 176**:
Plaintiffs Enguerra and Ravelas each reasonably believed that Defendants' responses to their respective e-mail complaints, as expressed by Defendant Hui, were known to and were ratified by Defendant Schiano, as each Plaintiff had previously observed whenever corporate executives would visit their Long Island restaurants, that said corporate executives, whether it was Defendant Hui or Mr. Pino or the former Vice President (Mr. Hinojosa), would make it a point to inform employees that every thing each of them was saying or was doing always had the prior approval of the owner (Defendant Schiano), or that each of them needed to call, confer and secure Defendant Schiano's approval before a particular task or instruction was to be done or to be issued.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 176 of the Complaint.

**COMPLAINT PARAGRAPH NO. 177**:
Because of what Defendant Hui had told Plaintiff Enguerra on August 16, 2024 that whatever he was saying or instructing concerning the restaurant operations had the prior clearance and the go-signal of Defendant Schiano, and because of what the Store Manager had confided in him and in Plaintiff Ravelas that it was not far-fetched that Defendant Schiano did actually instruct Defendant Hui to respond to the e-mail complaints by stating that any escalation of the complaints would be met with immediate termination, Plaintiff Enguerra reasonably believed that despite his complaints, he had to continue working but had to keep quiet and not cause further inquiries or remarks regarding his wage-and-hour complaints, or else he would suffer the serious harm of being immediately terminated and/or of not being able to support himself and his family.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 177 of the Complaint.

**COMPLAINT PARAGRAPH NO. 178**:
Thus, Plaintiff Enguerra, knowing the uncertainty of finding any alternative employment and remembering that he had a family relying on him for financial support, was forced under the circumstances to continue working for Defendants even though his wage-and-hour complaints were not addressed.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 178 of the Complaint.

**COMPLAINT PARAGRAPH NO. 179**:

On December 7, 2024, one of Defendants' General Managers, by the name of Mr. Pino, spoke to Plaintiff Ravelas and inquired about his email complaint. Plaintiff Ravelas confirmed with Mr. Pino that he had not been paid spread-of-hours recently, and that his overtime hours seemed to have been incorrectly computed.

**ANSWER**:

Except to admit that Mr. Ravelas told Pino Barone that he had not been receiving proper

spread of hours pay, Defendants deny the remaining allegations contained in Paragraph 179 of the

Complaint.

**COMPLAINT PARAGRAPH NO. 180**:

Defendants' Mr. Pino instructed Plaintiff Ravelas to list down his unpaid claims, but Plaintiff Ravelas responded that he did not have the means to do the computation as Defendants had the records of his work-hours.

**ANSWER**:

Except to admit that Mr. Barone instructed Mr. Ravelas to identify any instances in which

he was not paid spread of hours pay, Defendants deny the remaining allegations contained in

Paragraph 180 of the Complaint.

**COMPLAINT PARAGRAPH NO. 181**:

On December 8, 2021, Defendant Hui himself called up Plaintiff Ravelas and asked him how he got the email address of the store. Defendant Hui wanted Plaintiff Ravelas to admit that it was the current Store Manager who gave him the email address. But Plaintiff Ravelas answered truthfully by stating that he had known of the store's email address from the General Manager, Boss Henny, who gave it to him. Nonetheless, it was clear from their discussion that Defendant Hui wanted to implicate the current Store Manager about his complaints.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 181 of the Complaint.

**COMPLAINT PARAGRAPH NO. 182**:

During the same conversation, Defendant Hui told Plaintiff Ravelas that he (Ravelas) should not discuss with other employees about his complaints as the company owner (Defendant Schiano) allegedly did not want other employees to know about his complaints.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 182 of the Complaint.

Page **47** of **77**

**COMPLAINT PARAGRAPH NO. 183**:

In fact, Defendant Hui inquired from Plaintiff Ravelas if he (Ravelas) had heard of his comments and instructions that he had given to the Store Manager in response to Ravelas's complaint.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 183 of the Complaint.

**COMPLAINT PARAGRAPH NO. 184**:

Plaintiff Ravelas answered that the Store Manager had already relayed to him his (Defendant Hui's) response and instructions.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 184 of the Complaint.

**COMPLAINT PARAGRAPH NO. 185**:

Thereupon, Defendant Hui ended the conversation by stating that the company owner had given him the go-signal to terminate his (Ravelas's) services should he (Ravelas) escalate his complaints.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 185 of the Complaint.

**COMPLAINT PARAGRAPH NO. 186**:

After having heard of Defendant Hui's clear threats against his employment, and because of what the Store Manager had confided in him and in Plaintiff Enguerra that it was not far-fetched that Defendant Schiano did actually instruct Defendant Hui to respond to the e-mail complaints by stating that any escalation of the complaints would be met with immediate termination, Plaintiff Ravelas reasonably believed that he had to endure continuing working without his wage-and-hour complaints being satisfactorily addressed, or else, he would suffer the serious harm of being immediately terminated and/or of not being able to support himself and his family.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 186 of the Complaint.

**COMPLAINT PARAGRAPH NO. 187**:

Thus, Plaintiff Ravelas, knowing the difficulty of finding any alternative employment and remembering that he had a family relying on him for financial support, was forced under the circumstances to continue working for the Defendants even though his wage-and-hour complaints were not addressed.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 187 of the Complaint.

**COMPLAINT PARAGRAPH NO. 188**:

On December 20, 2024, Defendants sent out letters addressed to both Plaintiffs Enguerra and Ravelas acknowledging that there was a mishandling of worked hours, and that they were unable to calculate the exact spread of hour for past pay periods.

**ANSWER**:

Except to admit that on December 20, 2024, Defendants Food Systems and China Chao

sent out letters to Plaintiffs Enguerra and Ravelas acknowledging that there was "a mishandling of

worked hours", and that they "were unable to calculate the exact spread of hours for past pay

periods", Defendants deny the remaining allegations contained in Paragraph 188 of the Complaint.

**COMPLAINT PARAGRAPH NO. 189**:

Defendants adjusted Plaintiff Enguerra's spread-of-hours rate from fifteen dollars ($15.00) to sixteen dollars ($16.00), and made a retroactive pay adjustment equivalent to three hours per week from 08/30/2024 through 12/06/2024.

**ANSWER**:

Except to admit that Defendants China Chao and Food Systems adjusted Plaintiff

Enguerra's spread of hours rate from $15 to $16 and provided him with a retroactive pay

adjustment equivalent to three hours per week from 08/30/2024 through 12/06/2024, Defendants

deny the remaining allegations contained in Paragraph 189 of the Complaint.

**COMPLAINT PARAGRAPH NO. 190**:

Defendants adjusted Plaintiff Ravelas's spread-of-hours rate from fifteen dollars ($15.00) to sixteen dollars ($16.00), and made a retroactive pay adjustment equivalent to two hours per week from 08/30/2024 through 12/06/2024.

**ANSWER**:

Except to admit that Defendants China Chao and Food Systems adjusted Plaintiff Ravelas'

spread of hours rate from $15 to $16 and provided him with a retroactive pay adjustment equivalent

to two hours per week from 08/30/2024 through 12/06/2024, Defendants deny the remaining allegations contained in Paragraph 190 of the Complaint.

**COMPLAINT PARAGRAPH NO. 191**:
Defendants' spread-of-hours adjustment payments made to Plaintiffs Enguerra and Ravelas were not based on actual work-hour records available to Defendants themselves, but were mere approximations of the number of days per week that they believed each Plaintiff had worked a span of at least ten (10) hours.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 191 of the Complaint.

**COMPLAINT PARAGRAPH NO. 192**:
Defendants' spread-of-hours adjustment payments made to Plaintiffs Enguerra and Ravelas did not take into account the period before August 30, 2024 when each Plaintiff actually did work more than ten hours on each of several days per pay period.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 192 of the Complaint.

Plaintiffs' Reaction to Defendants' Response to their Email Complaints

**COMPLAINT PARAGRAPH NO. 193**:
Plaintiffs understood that Defendants tried to attempt to resolve the issue of the non-payment of their spread-of-hours pay, but knew that Defendants failed to address the same issue of non-payment of spread-of-hours pay for the period before August 2024.

**ANSWER**:

Except to admit that Defendants Food Systems and China Chao attempted to resolve the spread of hours pay issue, Defendants deny the remaining allegations contained in Paragraph 193 of the Complaint.

**COMPLAINT PARAGRAPH NO. 194**:
Plaintiffs also knew that Defendants' response failed to address their concerns about the non-payment of all their hours of work, which affected the correct payment of their overtime hours.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 194 of the Complaint.

**COMPLAINT PARAGRAPH NO. 195**:

Because of what their Store Manager had relayed to them about Defendant Hui's threat if they were to escalate their complaints, coupled by what each of them had heard directly from Defendant Hui, on August 16, 2024 and on December 8, 2024, both Plaintiffs decided to continue working despite their complaints not being satisfactorily addressed, and to remain quiet and not press anymore their concerns about correct payment of all their hours of work, because each of them reasonably believed that to do otherwise would mean the immediate termination of their employment, the loss of their livelihood, and their inability to support their families.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 195 of the Complaint.

**COMPLAINT PARAGRAPH NO. 196**:

Each Plaintiff feared he would lose his job if he would escalate his wage and hour concerns with Defendants.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 196 of the Complaint.

**COMPLAINT PARAGRAPH NO. 197**:

Each Plaintiff likewise reasonably believed that their employers could and would retaliate against them and report them to immigration authorities if each escalated his wage-and-hour complaints as each knew the Defendants knew of their lack of valid immigration status.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 197 of the Complaint.

**COMPLAINT PARAGRAPH NO. 198**:

On January 11, 2025, Plaintiffs Enguerra and Ravelas caused the filing of this federal complaint against Defendants for violations of the FLSA, NY Labor Law, and the TVPA in the Eastern District Court of New York.

**ANSWER**:

Except to admit that Plaintiff Enguerra and Ravelas filed the original Complaint in this action on January 11, 2025, Defendants deny the remaining allegations contained in Paragraph 198 of the Complaint.

**COMPLAINT PARAGRAPH NO. 199**:

Upon information and belief, the summons and a copy of the federal complaint were served upon the Defendants on January 23, 2025.

**ANSWER**:

Defendants admit that the summons and a copy of the original federal complaint were served upon the Defendants on January 23, 2025.

**COMPLAINT PARAGRAPH NO. 200**:
After the summons and federal complaint were served on Defendants, Plaintiffs noticed that their work-environment at the two Long Island fast-food restaurants had become so toxic, stifling, and even retaliatory, that each decided to quit their respective jobs as they could not bear the work conditions anymore. Plaintiffs observed and noticed that their employers had caused a couple of their co-workers to act and make their work very difficult and more challenging in terms of the security of their lives. Thus, for the security of their lives, Plaintiffs quit their jobs on February 3, 2025.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 200 of the Complaint.

Defendants' Employment Practices

**COMPLAINT PARAGRAPH NO. 201**:
At all times relevant, Defendants employed Plaintiffs who performed duties and responsibilities that served the objectives of Defendants' business of operating fast-food restaurants.

**ANSWER**:

Except to admit that Defendant China Chao employed Plaintiffs Enguerra and Ravelas at its restaurants, Defendants deny the remaining allegations contained in Paragraph 201 of the Complaint.

**COMPLAINT PARAGRAPH NO. 202**:
Defendants employed and continue to employ other similarly-situated fast-food restaurant workers.

**ANSWER**:

Except to admit that China Chao employed and continues to employ other employees at its restaurants, Defendants deny the remaining allegations contained in Paragraph 202 of the Complaint.

**COMPLAINT PARAGRAPH NO. 203**:

Defendants employed Plaintiffs and other similarly-situated fast-food restaurant workers under the FLSA.

**ANSWER**:

Defendants state that the allegations set forth in Paragraph 203 of the Complaint constitute a legal conclusion and thus, no response is required.  To the extent that a response is required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 204**:

Defendants paid Plaintiffs and other similarly-situated fast-food restaurant workers an hourly wage.

**ANSWER**:

Except to admit that Defendant China Chao paid Plaintiffs and other employees an hourly wage, Defendants deny the remaining allegations contained in Paragraph 204 of the Complaint.

**COMPLAINT PARAGRAPH NO. 205**:

Upon information and belief, Defendants had power over personnel and payroll decisions regarding Plaintiffs and other similarly-situated restaurant workers.

**ANSWER**:

Except to admit that Defendants had authority to make personnel and payroll decisions regarding Plaintiffs and other restaurant employees, Defendants deny the remaining allegations contained in Paragraph 205 of the Complaint.

**COMPLAINT PARAGRAPH NO. 206**:

Upon information and belief, Defendants had the power to hire and fire the Plaintiffs and other similarly-situated restaurant workers, establish and pay their wages, set their work schedules, and maintain their employment records.

**ANSWER**:

Except to admit that Defendants Schiano and Hui had the authority to hire and fire China Chao employees, Defendant Food Systems established pay and wages and maintained employment

records, and Defendant China Chao set employee work schedules, Defendants deny the remaining

allegations contained in Paragraph 206 of the Complaint.

**COMPLAINT PARAGRAPH NO. 207**:
Defendants regularly scheduled and required Plaintiffs and similarly-situated workers to work from opening hours to closing hours, which often span a period of more than ten (10) hours.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 207 of the Complaint.

**COMPLAINT PARAGRAPH NO. 208**:
Defendants observed Plaintiffs and other similarly-situated restaurant workers working even before they clocked in or before the start of their work shifts or opening hours, such as by cleaning the stalls, signages, and the surrounding areas of Defendants' store frontages.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 208 of the Complaint.

**COMPLAINT PARAGRAPH NO. 209**:
Even though Defendants knew that Plaintiffs and similarly-situated restaurant workers were working during "off-the-clock" hours, Defendants failed to compensate Plaintiffs and other similarly-situated employees for their work, electing instead to sit back and accept the benefit of Plaintiffs and similarly-situated employees' uncompensated work.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 209 of the Complaint.

**COMPLAINT PARAGRAPH NO. 210**:
Plaintiffs and other similarly-situated employees each regularly worked over forty (40) hours per week. Plaintiffs worked on average approximately at least 45-55 hours per workweek.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 210 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 211**:
Upon information and belief, Defendants typically and regularly did not pay all the hours of work of Plaintiffs and other similarly-situated employees.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 211 of the Complaint.

**COMPLAINT PARAGRAPH NO. 212**:

Upon information and belief, Defendants regularly prepared two sets of work schedules for Plaintiffs and similarly-situated employees, such that one schedule would truly indicate employees' work-hours to span at least ten (10) hours, and another schedule to indicate otherwise to avoid the payment of spread-of-hours pay.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 212 of the Complaint.

**COMPLAINT PARAGRAPH NO. 213**:

Upon information and belief, Defendants regularly prepared two sets of payroll records for Plaintiffs and similarly-situated employees, such that one payroll record would truly reflect the number of hours Plaintiffs and similarly-situated employees actually work, and another payroll record to indicate otherwise to avoid the payment of correct overtime pay and/or spread-of-hours pay.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 213 of the Complaint.

**COMPLAINT PARAGRAPH NO. 214**:

Upon information and belief, Defendants' practice of having two separate sets of work schedules and of payroll records was expressly directed and dictated by Defendant Hui to the Store Manager and which practice was known to and condoned and ratified by Defendant Schiano.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 214 of the Complaint.

**COMPLAINT PARAGRAPH NO. 215**:

Upon information and belief, the incorrect or untrue, edited set of payroll records reflected incorrect number of work-hours for certain employees, including Plaintiffs, to avoid the payments by Defendants of spread-of-hours pay and of correct overtime compensation.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 215 of the Complaint.

**COMPLAINT PARAGRAPH NO. 216**:

As and by way of example, Plaintiff Ravelas reported to work and rendered services on the following days and hours:

| | |
|---|---|
| October 21, 2024 | = from 9:16 AM to 8:42 PM |
| October 22, 2024 | = from 9:26 AM to 8:43 PM |
| October 23, 2024 | = from 11:42 AM to 8:44 PM |
| October 26, 2024 | = from 11:44 AM to 9: 42 PM |

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 216 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 217**:

Upon information and belief, Defendants, upon instructions by Defendant Hui, and with the knowledge of and ratification by Defendant Schiano, edited or changed some of Plaintiff Ravelas's hours for purposes of their payroll computation, such that his work-hours for October 21, 2024 were counted or deemed to be only from 9:30 AM to 7:00 PM, and his work-hours for October 22, 2024 were counted or deemed to be only from 9:30 AM to 7:00 PM, thereby depriving Plaintiff Ravelas of any spread-of-hours pay for those two days and the correct computation of his total weekly hours of work that adversely affected his overtime compensation.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 217 of the Complaint.

**COMPLAINT PARAGRAPH NO. 218**:

As and by way of another example, Plaintiff Ravelas reported to work and rendered services on the following days and hours:

| | |
|---|---|
| November 25, 2024 | = from 9:19 AM to 8:37 PM |
| November 26, 2024 | = from 11:48 AM to 8:44 PM |
| November 27, 2024 | = from 11:56 AM to 8:46 PM |
| November 29, 2024 | = from 2:10 PM to 9:54 PM |
| November 30, 2024 | = from 11:52 AM to 7:45 PM |

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 218 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 219**:

Upon information and belief, Defendants, upon the instructions by Defendant Hui, and with the knowledge of and ratification by Defendant Schiano, edited or changed some of Plaintiff Ravelas's hours for purposes of their payroll computation, such that his work-hours for November 25, 2024 were counted or deemed to be only from 9:30 AM to 7:00 PM, thereby depriving Plaintiff Ravelas of any spread-of-hours pay and the correct computation of his total weekly hours of work that adversely affected his overtime compensation.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 219 of the Complaint.

**COMPLAINT PARAGRAPH NO. 220**:

As a result of Plaintiffs and other similarly-situated employees not being paid for all hours worked, Plaintiffs and other similarly-situated employees were not paid overtime compensation for all the hours they worked over forty (40) each workweek.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 220 of the Complaint.

**COMPLAINT PARAGRAPH NO. 221**:

Other than as stated in the following paragraph, Defendants, upon information and belief, failed to pay Plaintiffs and other similarly-situated employees spread-of-hours pay when they worked a span of at least ten (10) hours on several work-days.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 221 of the Complaint.

**COMPLAINT PARAGRAPH NO. 222**:

Upon information and belief, Defendants only started paying Plaintiffs and other similarly-situated employees spread-of-hours pay for the period between June and August 2024, at the rate of fifteen dollars ($15.00), which was not even the minimum wage for workers on Long Island during said pertinent period of time.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 222 of the Complaint.

**COMPLAINT PARAGRAPH NO. 223**:

Defendants did attempt to make adjustments to the spread-of-hours payments in early December 2024, but still failed to make any adjustments or payments for services rendered before August 2024 that would and should have been paid the correct spread-of-hours rate of pay.

**ANSWER**:

Except to admit that Defendants Food Systems and China Chao made adjustments to the

spread of hours payments in December 2024, Defendants deny the remaining allegations contained

in Paragraph 223 of the Complaint.

**COMPLAINT PARAGRAPH NO. 224**:

Upon information and belief, Defendants have engaged lawyers and sought counsel to assist them in complying with New York and federal labor legislation.

**ANSWER**:

Except to admit that Defendant Food Systems engaged lawyers to assist it and China Chao in complying with New York and federal labor laws, Defendants deny the remaining allegations contained in Paragraph 224 of the Complaint.

**COMPLAINT PARAGRAPH NO. 225**:

Defendants were or should have been aware that the New York Labor Law and its Hospitality Industry Wage Order required them to pay their employees an additional hour at the minimum wage for each shift that spanned over a 10-hour period.

**ANSWER**:

Defendants admit the allegations contained in Paragraph 225 of the Complaint.

**COMPLAINT PARAGRAPH NO. 226**:

Defendants' failure to pay Plaintiffs and Class Members proper spread-of-hours pay was willful, intentional and in bad faith.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 226 of the Complaint.

**COMPLAINT PARAGRAPH NO. 227**:

Defendants' unlawful conduct was widespread, repeated and consistent.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 227 of the Complaint.

**COMPLAINT PARAGRAPH NO. 228**:

Despite legal advice, Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and New York Labor law and its regulations.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 228 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Non-Payment of Minimum and Overtime Pay in Violation of the FLSA**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

**COMPLAINT PARAGRAPH NO. 229**:
Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER**:

Defendants repeat and restate each and every answer to the allegations in the preceding

Paragraphs as if fully set forth herein.

**COMPLAINT PARAGRAPH NO. 230**:
Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 230 of the Complaint.

**COMPLAINT PARAGRAPH NO. 231**:
Plaintiffs and several similarly-situated former and current employees of Defendants have consented in writing to be a party in this action, pursuant to 29 U.S.C. § 216(b). Attached as **Exhibit "A"** are Plaintiffs' Consent to be a Party Plaintiff and/or other individuals' consent to join the FLSA Collective.

**ANSWER**:

Except to admit that Plaintiffs and one other employee have consented in writing to be a

party to this action as set forth in "Exhibit A" of Plaintiffs' Complaint, Defendants deny the

remaining allegations contained in Paragraph 231 of the Complaint.

**COMPLAINT PARAGRAPH NO. 232**:
At all relevant times, each Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 2016(a) and 207(a). At all times relevant, Defendants employed Plaintiffs and the members of the Collective consistent with the terms of the FLSA.

**ANSWER**:

Defendants state that the allegations contained in Paragraph 232 of the Complaint

constitute legal conclusions and thus, no response is required.  To the extent that a response is

required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 233**:

At all relevant times, upon information and belief, Defendants have had annual gross revenues in excess of $500,000.00.

**ANSWER**:

Except to admit that to admit that the annual gross revenue of Defendants Food Systems

and China Chao is more than $500,000, Defendants deny the remaining allegations contained in

Paragraph 233 of the Complaint.

**COMPLAINT PARAGRAPH NO. 234**:

Upon information and belief, Defendants employ or employed more than four (4) workers who fall under the category of "non-exempt employees" pursuant to the FLSA, and these employees regularly and recurrently either engaged in commerce or handled or otherwise worked on goods or materials that had been moved in or produced for commerce, such as when they accepted delivery of supplies ordered from out-of-state.

**ANSWER**:

Defendants state that the allegations contained in Paragraph 234 of the Complaint

constitute legal conclusions and thus, no response is required.  To the extent that a response is

required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 235**:

Upon information and belief, at all times relevant, the wage and hour and all related employee compensation policies of Defendants are and were centrally and collectively dictated, controlled, and ratified by the Defendants.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 235 of the Complaint.

**COMPLAINT PARAGRAPH NO. 236**:

Plaintiffs and, upon information and belief, members of the Collective, each worked more than forty (40) hours in one or in each of several workweeks.

**ANSWER**:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 of the Complaint and therefore, deny the allegations.

**COMPLAINT PARAGRAPH NO. 237**:

Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed, including during off-the-clock hours, violated the FLSA, 29 U.S.C. § 207.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 237 of the Complaint.

**COMPLAINT PARAGRAPH NO. 238**:

Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees for all of their hours of work violated the FLSA.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 238 of the Complaint.

**COMPLAINT PARAGRAPH NO. 239**:

Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over forty (40) each workweek violated the FLSA.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 239 of the Complaint.

**COMPLAINT PARAGRAPH NO. 240**:

Defendants' failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees violated the FLSA, 29 C.F.R. § 516.2(a)(7).

**ANSWER**:

Defendants deny the allegations contained in Paragraph 240 of the Complaint.

**COMPLAINT PARAGRAPH NO. 241**:

Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and other similarly-situated current and former employees.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 241 of the Complaint.

**COMPLAINT PARAGRAPH NO. 242**:

Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 242 of the Complaint.

**COMPLAINT PARAGRAPH NO. 243**:

As a result of Defendants' willful violations of the FLSA, Plaintiffs and all other similarly-situated employees have suffered damages by being denied minimum and/or overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 243 of the Complaint.

**COMPLAINT PARAGRAPH NO. 244**:

As a result of the unlawful acts by Defendants, Plaintiffs and other similarly-situated current and former employees have been deprived of minimum and/or overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**ANSWER**:

Defendants deny the allegations contained in Paragraph 244 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Violations of the Minimum and Overtime Pay – New York Labor Law**
**(Brought on behalf of the Plaintiffs and the Rule 23 Class)**

**COMPLAINT PARAGRAPH NO. 245**:

Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER**:

Defendants repeat and restate each and every answer to the allegations in the preceding

Paragraphs as if fully set forth herein.

**COMPLAINT PARAGRAPH NO. 246**:

At all relevant times, Plaintiffs and the members of the Class have been employees of the Defendants, and the Defendants have been their employer within the meaning of the New York Labor Law, §§ 2 and 651.

**ANSWER**:

Defendants state that the allegations contained in Paragraph 246 of the Complaint

constitute legal conclusions and thus, no response is required.  To the extent that a response is

required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 247**:

Defendants failed and have failed to pay Plaintiffs and the members of the Class compensation for all their hours of work, in violation of NYLL Article 19, §§ 650 *et seq*. and the supporting New York State Department of Labor regulations, including at least minimum wages for the hours that were not paid, and premium overtime pay for all hours of work in excess of forty (40) hours per workweek.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 247 of the Complaint.

**COMPLAINT PARAGRAPH NO. 248**:

Defendants violated Plaintiffs' rights and the rights of the members of the Class, by failing to pay them for all of the hours actually worked by them. Defendants' violations of the NYLL have been willful and intentional.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 248 of the Complaint.

**COMPLAINT PARAGRAPH NO. 249**:

Defendants' violations of the NYLL have caused Plaintiffs and the members of the Class irreparable harm and injury.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 249 of the Complaint.

**COMPLAINT PARAGRAPH NO. 250**:

Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as well as reasonable attorney's fees, costs and disbursement of the action, and pre-judgment and post-judgment interests.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 250 of the Complaint.

### THIRD CLAIM FOR RELIEF
**Violation of the Spread-of-Hours Pay – New York Labor Law**
**(Brought on behalf of the Plaintiffs and the Rule 23 Class)**

**COMPLAINT PARAGRAPH NO. 251**:

Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER**:

Defendants repeat and restate each and every answer to the allegations in the preceding

Paragraphs as if fully set forth herein.

**COMPLAINT PARAGRAPH NO. 252**:

Plaintiffs and Class Members worked shifts in which the spread of hours exceeded ten (10) hours, as defined by 12 N.Y.C.R.R. § 146-1.6

**ANSWER**:

Defendants state that the allegations contained in Paragraph 252 of the Complaint

constitute legal conclusions and thus, no response is required.  To the extent that a response is

required, Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 253**:

Throughout the six years prior to the filing of this Class Action Complaint, there have been times in which Plaintiffs and the Class Members were entitled to an additional hour of pay at the "basic minimum hourly rate", as defined by 12 N.Y.C.R.R. §§ 146-1.2(1)-(2).

**ANSWER**:

Defendants deny the allegations contained in Paragraph 253 of the Complaint.

**COMPLAINT PARAGRAPH NO. 254**:

Defendants failed to pay Plaintiffs and Class Members one additional hour of pay at the basic minimum wage rate before allowances for each day Plaintiffs' and Class Members' spread

of hours exceeded ten (10) hours, in violation of N.Y. Lab. Law §§ 650 *et seq.*, as codified by 12 N.Y.C.R.R. § 146-1.6.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 254 of the Complaint.

**COMPLAINT PARAGRAPH NO. 255**:
Defendants' failure to pay Plaintiffs and the Class an additional hour of pay for each day where the spread of hours exceeded ten (10) hours was willful within the meaning of N.Y. Lab. Law § 663.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 255 of the Complaint.

**COMPLAINT PARAGRAPH NO. 256**:
As a result, Defendants owe Plaintiffs and the Class Members their unpaid spread-of-hours pay, together with liquidated damages, interests, attorney's fees and costs.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 256 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### Violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1589(a)

**COMPLAINT PARAGRAPH NO. 257**:
Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER**:

Defendants repeat and restate each and every answer to the allegations in the preceding

Paragraphs as if fully set forth herein.

**COMPLAINT PARAGRAPH NO. 258**:
It is a violation of the TVPA to "knowingly provide[] or obtain[] the labor or services of a person…(2) by means of serious harm or threats of serious harm…; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm…" 18 U.S.C. § 1589(a).

**ANSWER**:

Defendants state that the allegations set forth in Paragraph 258 of the Complaint constitute

a legal conclusion and thus, no response is required.  To the extent that a response is required,

Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 259**:
The TVPA defines "serious harm" to include nonphysical harm, "including psychological, financial, or reputational harm, that is sufficiently serious…to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services to avoid incurring that harm." *Id*. § 1589(c)(2).

**ANSWER**:

Defendants state that the allegations set forth in Paragraph 259 of the Complaint constitute

a legal conclusion and thus, no response is required.  To the extent that a response is required,

Defendants deny the allegations.

**COMPLAINT PARAGRAPH NO. 260**:
Defendants knowingly provided and obtained the labor and services of Plaintiffs by means of serious harm and threats of serious harm, including without limitation, psychological, financial or reputational harm, that was sufficiently serious to compel a reasonable person of the same background and in the same circumstance to perform or to continue performing labor or services in order to avoid incurring that harm.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 260 of the Complaint.

**COMPLAINT PARAGRAPH NO. 261**:
Defendants knowingly provided and obtained the labor and services of Plaintiffs by means of a scheme, plan, or pattern intended to cause each Plaintiff to believe that, if he did not continue to perform such labor or services, he would suffer serious harm, including without limitation, psychological, financial or reputational harm, that was sufficiently serious to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 261 of the Complaint.

**COMPLAINT PARAGRAPH NO. 262**:
Defendants knowingly used such threats to exert pressure on each Plaintiff to continue working for Defendants and to prevent him from seeking redress of his wage-and-hour complaints, telling each Plaintiff that if he continued to press on his wage-and-hour complaints, that

Defendants would terminate his employment. This was done with the purpose of silencing the Plaintiffs and of obtaining Plaintiffs' continued labor for Defendants.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 262 of the Complaint.

**COMPLAINT PARAGRAPH NO. 263**:
Defendants' use of such means to obtain the labor or services of Plaintiffs was knowing and intentional.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 263 of the Complaint.

**COMPLAINT PARAGRAPH NO. 264**:
Each Plaintiff was forced under the above-mentioned circumstances to continue working for Defendants despite their wage-and-hour complaints not having been satisfactorily addressed.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 264 of the Complaint.

**COMPLAINT PARAGRAPH NO. 265**:
Defendants knowingly benefited, financially, from participation in the venture of providing and/or obtaining the labor or services of Plaintiffs by means of using a scheme, plan and pattern intended to cause Plaintiffs to believe that, if each pressed his wage-and-hour complaints, he would suffer the serious harm of loss of employment and/or of being reported to immigration authorities for possible deportation.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 265 of the Complaint.

**COMPLAINT PARAGRAPH NO. 266**:
Defendants knowingly benefited, financially, from participation in the venture of providing and/or obtaining the labor or services of Plaintiffs by means of subjecting Plaintiffs to threats of serious harm of loss of employment and/or of being reported to immigration authorities for possible deportation.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 266 of the Complaint.

**COMPLAINT PARAGRAPH NO. 267**:
Each Plaintiff suffered damages as a direct and proximate result of Defendants' conduct. These damages include, but are not limited to, emotional distress damages and the loss of proper and correct wage payments, including spread-of-hours pay and compensation for all hours worked, including overtime pay.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 267 of the Complaint.

**COMPLAINT PARAGRAPH NO. 268**:
Each Plaintiff suffered and continues to suffer emotional distress and financial distress due to Defendants' coercive tactics resulting in his forced labor and/or trafficking.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 268 of the Complaint.

**COMPLAINT PARAGRAPH NO. 269**:
The emotional effects each Plaintiff suffered and continues to suffer include disrupted sleeping, emotional breakdowns, nightmares, ongoing feelings of fear, difficulty developing trust, anxiety, depression, difficulty concentrating and stress.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 269 of the Complaint.

**COMPLAINT PARAGRAPH NO. 270**:
Each Plaintiff is entitled to compensatory and punitive damages and restitution in amounts to be determined at trial together with reasonable attorney's fees and the costs of this action.

**ANSWER**:

Defendants deny the allegations contained in Paragraph 270 of the Complaint.

## JURY DEMAND

**COMPLAINT PARAGRAPH NO. 271**:
Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

**ANSWER**:

Except to admit that Plaintiffs demand a jury trial on all questions of fact raised by the

Complaint, Defendants deny that Plaintiffs are entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly-situated persons, request judgment against each Defendant, jointly and severally, awarding them and all others similarly situated:

(a) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations;

(b) Certification of this case as a collective action under 29 U.S.C. § 216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c) Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

(d) Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

(e) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations;

(f) Unpaid minimum wages, overtime and spread-of-hours pay pursuant to New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-judgment interest;

(g) Compensatory and punitive damages for violations of the TVPA;

(h) All attorney's fees and costs incurred in prosecuting these claims; and

(i) Such other relief as this Court deems just and proper.

## ANSWER:

Defendants deny Plaintiffs are entitled to any of the relief prayed for in the Prayer for Relief section of the Complaint.

## DEFENSES

Pleading further in accordance with Federal Rule of Civil Procedure 8, Defendants state the following affirmative defenses to the Complaint:

## FIRST DEFENSE

Some of Plaintiffs' claims are subject to dismissal as they fail to state a collective action for which relief can be granted.

## SECOND DEFENSE

Some of Plaintiffs' claims are barred because this action does not meet the requisites of applicable law and, as such, is not a proper collective action.

Page **69** of **77**

**THIRD DEFENSE**

Some of Plaintiffs' claims are barred because Plaintiffs are not suitable collective action representatives pursuant to applicable law.

**FOURTH DEFENSE**

Plaintiffs cannot satisfy the requirements to maintain a collective action under the FLSA.

**FIFTH DEFENSE**

Plaintiffs' claims on behalf of the alleged class of persons that Plaintiffs purport to represent, the existence of which is expressly denied, are barred by Plaintiffs' failure to meet the requirements of Federal Rule of Civil Procedure 23.

**SIXTH DEFENSE**

Plaintiffs and members of any purported class or collective action are not similarly situated.

**SEVENTH DEFENSE**

Individual questions predominate over the purported NYLL class and class treatment is not appropriate. Plaintiff's claims are not typical of those belonging to the other class members, the class is not sufficiently numerous, a class action is not the appropriate or superior method for adjudication of this controversy, damages will need to be ascertained on an individual basis, joinder of all putative class members is not impracticable, and/or other class requirements cannot be satisfied.

**EIGTHTH DEFENSE**

Plaintiffs and any member of any purported class or collective action are not entitled to recover liquidated damages under the FLSA or NYLL because Defendants acted in good faith and with reasonable grounds for believing that they did not violate the provisions of the FLSA or the NYLL.

**NINTH DEFENSE**

To the extent any conduct on the part of Defendants may be shown to have violated the FLSA or NYLL, Defendants did not know or show reckless disregard for whether their conduct was prohibited thereunder.

### TENTH DEFENSE

Plaintiffs and any member of any purported class or collective action are not entitled to recover damages, if at all, under both the FLSA and the NYLL for the same alleged course of conduct.

### ELEVENTH DEFENSE

Some or all of the damages allegedly incurred by one or more members of any purported class or collective action are not recoverable under the two-year statute of limitations applicable to the FLSA, or alternatively, under the three-year statute of limitations applicable to the FLSA.

### TWELFTH DEFENSE

Some or all of the damages allegedly incurred by one or more members of any purported class or collective action are not recoverable under the six-year statute of limitations applicable to NYLL.

### THIRTEENTH DEFENSE

Defendants' conduct was not willful and therefore the two-year statute of limitations under the FLSA should not be extended to three years.

### FOURTEENTH DEFENSE

One or more members of the purported class or collective action did not work more than 40 hours per workweek during the applicable limitations period under the FLSA and/or NYLL.

**FIFTEENTH DEFENSE**

At all times, Defendants Food Systems and China Chao properly calculated employees' overtime compensation under the FLSA and NYLL based on their applicable regular rate of pay, including the overtime compensation of Plaintiffs and any member of any purported class or collective action.

**SIXTEENTH DEFENSE**

This action is barred to the extent Plaintiffs or member of any purported class or collective action seeks recovery for time that is not subject to overtime under the FLSA, including, *inter alia*, under 29 U.S.C. § 254.

**SEVENTEENTH DEFENSE**

Plaintiffs and members of any purported class may not recover under their NYLL overtime claim to the extent it is precluded by the FLSA.

**EIGHTEENTH DEFENSE**

Defendants, at all times material to this lawsuit, exercised reasonable care to prevent and promptly correct any failure to properly compensate their employees in accordance with the requirements of the Fair Labor Standards Act and New York Labor Law, and Plaintiffs failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

**NINETEENTH DEFENSE**

Plaintiffs' and any member of any purported class or collective action's claims under the FLSA and NYLL are barred to the extent they seek damages for such periods they were not employed by Defendant China Chao.

### TWENTIETH DEFENSE

Defendants are not joint employers within the meaning of the FLSA or NYLL.

### TWENTY-FIRST DEFENSE

One or more members of the purported class have previously released their NYLL claims, if any existed, through prior release agreements.

### TWENTY-SECOND DEFENSE

The individual Defendants are not employers covered by the FLSA and NYLL and are otherwise not subject to individual or joint liability.

### TWENTY-THIRD DEFENSE

Defendants are not liable for punitive damages, because neither they nor their agents committed any unlawful acts with willful, malicious, or reckless indifference to the protected rights of Plaintiffs, nor did Defendants authorize or ratify such practices.

### TWENTY-FOURTH DEFENSE

Defendants did not willfully violate any of the laws pursuant to which Plaintiffs bring the instant action.

### TWENTY-FIFTH DEFENSE

Defendants had no knowledge of, nor should it have had knowledge of any alleged uncompensated work by the Plaintiffs or any member of any purported class or collective action and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiffs or any member of any purported class or collective action.

### TWENTY-SIXTH DEFENSE

The Complaint, and each cause of action thereof, is barred – or the damages flowing there from reduced – because Plaintiffs failed to notify Defendants of the alleged statutory violations at

the time such violations allegedly occurred Plaintiff knew or should have known of the alleged violations, which prevented Defendant from taking any action to remedy such alleged violations.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are estopped by the submission of their own time records, for which Defendants compensated them for all time worked and claimed.

### TWENTY-EIGHTH DEFENSE

Some of Plaintiffs' claims are barred by their failure to comply with the applicable employment policies, procedures, and practices, including but not limited to timekeeping policies, procedures, or practices.

### TWENTY-NINTH DEFENSE

Some of Plaintiffs' claims are barred to the extent that Defendants did not have actual or constructive knowledge of hours allegedly worked by Plaintiffs.

### THIRTIETH DEFENSE

Plaintiffs are not entitled to equitable relief insofar as they have adequate remedies at law.

### THIRTY-FIRST DEFENSE

Some of Plaintiffs' claim are barred on the grounds that Plaintiffs were paid all wages due and owing under applicable law.

### THIRTY-SECOND DEFENSE

Some of Plaintiffs' claims are barred to the extent that the alleged compensable time constituted insubstantial or insignificant periods of time beyond the scheduled working time, which cannot as a practical administrative mater be precisely recorded for payroll purposes.

## THIRTY-THIRD DEFENSE

Defendants are entitled to an offset in connection with all hours paid but which were not actually worked.

## THIRTY-FOURTH DEFENSE

Plaintiffs have failed to mitigate their damages or take reasonable steps to mitigate their damages.

## THIRTY-FIFTH DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRTY- SIXTH DEFENSE

The Complaint fails to set forth facts and circumstances that would support an award for pre-judgment or post-judgment interest or attorney's fees.

## THIRTY- SEVENTH DEFENSE

Plaintiffs are not entitled to recovery under the TVPA because no actions were taken by Defendants to compel Plaintiffs' employment or did compel Plaintiffs' employment.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' TVPA claims should be dismissed because they were not subjected to forced labor as defined by the TVPA, voluntarily agreed to work for Defendant China Chao, and voluntarily decided to leave their employment with Defendant China Chao.

## THIRTY-NINTH DEFENSE

Plaintiff's TVPA claims should be dismissed because any alleged reliance on the acts or omissions of Defendants was unreasonable.

## FORTIETH DEFENSE

Plaintiffs' TVPA claims should be dismissed because they were not subjected to serious harm or threats of serious harm or any scheme, plan, or pattern intended to cause Plaintiffs to believe that they would suffer serious harm if they did not perform labor or services for Defendants.

## FORTY-FIRST DEFENSE

The individually named Defendants have no personal liability to Plaintiffs under the legal theories and/or factual allegations asserted by Plaintiff in the Complaint pursuant to the TVPA.

## RESERVATION OF DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether Defendants may have additional, separate defenses to Plaintiffs' claims. Defendants may have additional unique affirmative defenses applicable to different putative members of Plaintiffs' proposed class. Defendants reserve the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by the Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiffs, and

3. That Defendants be awarded their attorneys' fees and costs and any such other relief as the Court may deem just and proper.

Dated: April 3, 2025

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of April, 2025, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil

Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on

Electronic Service upon the following parties and participants:

Felix Q. Vinluan, Esq.
LAW OFFICE OF FELIX VINLUAN
6910 Roosevelt Ave., 2nd Floor
Woodside, NY 11377
Telephone: (718) 478-4488
Email: FQVinluan@Yahoo.com
*Attorneys for Plaintiffs and the Putative Class*

Respectfully submitted,

**SMITH, GAMBRELL & RUSSELL, LLP**

By: s/ Ian M. Jones
    Yash B. Dave (pro hac vice)
    Florida Bar No. 0068573
    Ian M. Jones (pro hac vice)
    Florida Bar No. 0121557
    50 N. Laura Street, Suite 2600
    Jacksonville, Florida 32202
    E-mail: ydave@sgrlaw.com
    E-mail: ijones@sgrlaw.com
    Telephone:  (904) 598-6100
    Facsimile:   (904) 598-6240
    ***Attorneys for Defendants***