UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

RYAN ENGUERRA and FROILEX RAVELAS, on
behalf of themselves and all others
similarly situated,

        Plaintiffs,

    -against-

FOOD SYSTEMS UNLIMITED, INC. et al.,

       Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
25-CV-182 (EK)(LGD)

ERIC KOMITEE, United States District Judge:

   Before the Court are (1) defendants' motion to strike the declaration of Maila Niones, filed in support of plaintiffs' motion for class certification ("Motion to Strike," ECF No. 47); and (2) defendants' motion for leave to supplement their motion to strike ("Motion to Supplement," ECF No. 59).  The Court referred those motions to Magistrate Judge Dunst for a Report and Recommendation ("R&R").  *See* docket order dated May 11, 2026.  Judge Dunst recommended that the Court grant defendants' Motion to Supplement and deny their Motion to Strike. Defendants filed several timely objections to the R&R.  *See* ECF No. 65.  For the reasons outlined below, we overrule defendants' objections and adopt the R&R in full.

## I.    Background

This order assumes familiarity with the factual background of this wage-and-hour case.  A more thorough explication of the underlying facts appears in the R&R.  *See* ECF No. 62, at 2-4.  On September 27, 2025, plaintiffs moved for class certification pursuant to Federal Rule of Civil Procedure 23.  *See* ECF No. 41.  In support of that motion, plaintiffs submitted a declaration from Maila Niones, a putative class member.  ECF No. 41-8.  Defendants moved to strike that declaration under Federal Rule of Civil Procedure 37(c), arguing that plaintiffs' failure to disclose Niones as a potential witness was neither substantially justified nor harmless.  After scheduling a belated deposition of Niones, defendants moved to supplement their Motion to Strike.  The supplemental brief identifies certain inconsistencies between Niones's declaration and her deposition testimony, particularly regarding whether the declaration was fully translated to her in Tagalog (her native language).  *See* Suppl. Br. 4-5, ECF No. 59-1.

Judge Dunst recommended granting defendants' Motion to Supplement and denying their Motion to Strike.  R&R 1.  These objections followed.

## II.   Discussion

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court reviews *de novo* those portions of an R&R to which a party has specifically objected.  *Id.*; Fed. R. Civ. P. 72(b)(3).  Where "no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).[1]

Neither party filed any objection to Judge Dunst's recommendation that we grant defendants' Motion to Supplement. Finding no error in that recommendation, the Court adopts it in its entirety.

Defendants raise two objections to the R&R's conclusions regarding their Motion to Strike.  *First*, they contend that, even if the requirements for striking testimony under Federal Rule of Civil Procedure 37(c) have not been met, "[t]he Declaration is independently inadmissible under settled law governing English-language declarations of non-English speakers."  Obj. 5.  *Second*, defendants argue that the R&R improperly applied the first and third *Patterson* factors.  *Id.* 7-11.  Neither objection is persuasive.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

**A.    The R&R's Treatment of the Admissibility Issues with the Niones Declaration**

Defendants first object to the R&R's conclusion that "arguments about claimed inconsistencies between Ms. Niones'[s] declaration and deposition testimony . . . do not provide an independent basis to strike the declaration under Rule 37(c)(1)."  R&R 10; *see also* Obj. 5.  Specifically, defendants object that the R&R failed to address "settled law governing English-language declarations of non-English speakers," which they argue provides a separate basis — entirely apart from Rule 37 — for excluding the declaration.  Obj. 5.

But defendants brought their motion to strike pursuant to Rules 26 and 37.  *See* Mem. in Supp. of Mot. to Strike 1, ECF No. 47-1.  While they may have legitimate concerns regarding the substance of the Niones declaration, that is a separate issue, and one that the Court may address when deciding what weight to give the declaration as evidence in support of plaintiffs' motion for class certification.[2]  This objection is overruled.

---

[2] It is also worth noting that each of the cases defendants cite in support of the proposition that Niones's declaration is inadmissible were addressing this issue at the summary judgment stage.  *See, e.g.*, *Mendez v. MCSS Rest. Corp.*, 564 F. Supp. 3d 195 (E.D.N.Y. 2021).  Whether admissibility should be assessed in the same manner at class certification is an open question in this circuit.  *See Harte v. Ocwen Fin. Corp.*, No. 13-CV-5410, 2018 WL 1830811, at *17 (E.D.N.Y. Feb. 8, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 1559766 (E.D.N.Y. Mar. 30, 2018).

**B.    The R&R's Analysis of *Patterson* Factors One and Three**

Defendants also object that the R&R improperly weighed the factors for evaluating whether preclusion is warranted under Rule 37(c)(1), as set forth by the Second Circuit in *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006).  Specifically, defendants argue that the R&R improperly analyzed factor one ("the party's explanation for the failure to comply with the disclosure requirement") and factor three ("the prejudice suffered by the opposing party").  *Id.* at 117.

We agree that the R&R should have weighed factor one in defendants' favor.  After all, the R&R admits that plaintiffs failed to provide any explanation whatsoever for their failure to supplement their disclosures.  *See* R&R at 7.  While plaintiffs' reasonable delay in producing Niones for deposition and their production of documents containing Niones's name might be relevant to prejudice, they are irrelevant under factor one. Nonetheless, the other *Patterson* factors still weigh in plaintiffs' favor.  So, the validity of this objection does not upend the R&R's ultimate conclusion.

As for the R&R's treatment of the third *Patterson* factor, defendants claim that it "conflates the opportunity to depose a witness with the cure of prejudice, a distinction recognized by courts in this Circuit."  Obj. 9.  But the only case defendants cite for this proposition, *Hutch Enters., Inc.*

5

*v. Cincinnati Ins. Co.*, No. 16-CV-1010, 2019 WL 5783574, at *14 (W.D.N.Y. Aug. 12, 2019), involved the failure to properly disclose expert opinions in advance of deposition.

Here, by contrast, the only incurable prejudice defendants have been able to identify was their inability to address Niones's deposition testimony in their opposition to class certification. *See* Obj. 9-10. But defendants have been able to raise the issues with Niones's deposition testimony subsequently, *see generally* Suppl. Br., and the Court will consider those arguments in deciding the class certification motion. Accordingly, there is no real prejudice. We adopt the R&R's conclusions regarding the Motion to Strike.

### III. Conclusion

For the foregoing reasons, the Court adopts the R&R in full. Defendants' Motion to Supplement (ECF No. 59) is granted and their Motion to Strike (ECF No. 47) is denied.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    July 28, 2026
          Brooklyn, New York